# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

THOMAS PAYNE                                                                    PLAINTIFF

v.                                                           CIVIL ACTION NO. 1:12cv41-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI., ET AL.                         DEFENDANTS

## ORDER

This matter is before the court on the Motion [60] to Enforce Compliance with Court Order and for Sanctions filed by The University of Southern Mississippi, Dr. Martha Saunders, and Dr. Robert Lyman (hereinafter the "Defendants"), and on the Motion [62] for Extension of Time filed by Plaintiff. Having considered the submissions of the parties and the applicable law, the court finds that the Motion [60] to Enforce Compliance with Court Order and for Sanctions should be granted in part and denied in part as set forth herein, and the Motion [62] for Extension of Time should be denied as moot.

On March 25, 2013, the court entered an Order [51] granting in part and denying in part Defendants' Motion to Compel [32]. The court ordered Plaintiff to produce the documents and information and to serve supplemental verified responses to the interrogatories required by the Order [51] on or before April 8, 2013.

In their Motion [60] filed on April 26, 2013, Defendants state that Plaintiff has wholly failed to comply with the court's Order [51], and move the court to enforce its Order [51] and to impose appropriate sanctions pursuant to Fed. R. Civ. P. 37. Defendants point out that (at the time their motion was filed) despite their letter dated April 18, 2013, as "an extra good faith attempt" to have Plaintiff comply with the court's Order [51], Plaintiff had not supplemented his discovery responses, requested additional time, or otherwise responded. Defendants argue that

because the discovery Plaintiff has refused to provide goes to the heart of his damage claims for loss of income and retaliation, those claims should be stricken from the Complaint and Defendants should be awarded their reasonable attorneys fees.

On May 1, 2013, Plaintiff filed a Motion for Additional Time [62], seeking an extension of time until May 3, 2013, to comply with the court's Order [51]. Plaintiff states "it was believed by Plaintiff's counsel that the Defendants recognized more time was needed to provide the documents and information" and that there was an "implicit agreement the other deadlines had to be tended to immediately." Motion [62] at 2. Plaintiff then blames Defendants for waiting until April 18, 2013, to communicate *his* responsibility to meet the court's April 8, 2013, deadline. Plaintiff also states that the other deadlines set by the court were very time consuming, that he has been dealing with personal and economic issues preventing him from meeting his deadlines, and that Defendants have suffered no prejudice by his tardiness. Plaintiff makes similar arguments in his Response [71] to Defendants' Motion [60].

On May 3, 2013, Plaintiff filed Notices [64][65] of Service of supplemental responses to interrogatories and requests for production. However, it is unclear from the notices whether the interrogatory responses were verified, or whether the supplementation complies with the court's Order [51].

In their Reply [73] filed on May 9, 2013, Defendants note that Plaintiff e-mailed his supplemental answers to interrogatories and two attachments which consisted of a list of employees and his CV on May 3, 2013. However, the Defendants did not receive any further pleadings or documents from Plaintiff. On or about May 8, 2013, Defendants discovered that Plaintiff's supplemental responses to requests for production and attachments were only sent to

2

counsel for the other Defendants, Dr. Lisa Nored, Dr. Joe Whitehead, Dr. Dale Ledford, and Dr. Rex Gandy, and the responses and attachments were forwarded to counsel for the moving Defendants. Defendants maintain that regardless of whether Plaintiff has now complied with the court's Order [51], they are still entitled to the sanctions requested above, and, at the very least, are entitled to attorneys' fees incurred in the preparing and filing of the instant motion.

This court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court; . . .") (citation omitted). Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."

> The dismissal of a claim or complaint for a discovery violation
>
> is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989); *see also Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990)) ("[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case.").

Based on the record before the court and the history of this case, the court cannot definitively conclude that there was bad faith or willful misconduct by Plaintiff. The

3

Defendants' request to strike Plaintiff's loss of income and retaliation claims is denied. However, Plaintiff's conduct in the discovery process is easily characterized as dilatory and evasive. That the court is still being asked to enter orders to compel Plaintiff's responses to discovery served nearly one year ago is inexcusable.[1]

"Lesser sanctions do not require a finding of willfulness." *Smith & Fuller, P.A.*, 685 F.3d at 488 (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir.1993)). As stated above, on March 25, 2013, the court ordered Plaintiff to produce the documents and information and to serve supplemental verified responses to the interrogatories required by the Order [51] on or before April 8, 2013. Plaintiff failed to comply with the court's Order [51]. While some of the reasons offered by Plaintiff in his affidavit and other pleadings referenced above may have constituted good cause for an extension to comply with the court's Order [51], Plaintiff did not move for an extension of time to comply with the court's Order [51] until three and a half weeks *after* the deadline imposed by the court, and fails to explain how or why he was prevented from doing so. Plaintiff filed other pleadings during the time period between March 25, 2013, when the court entered its Order [51], and the court-imposed deadline of April 8, 2013.[2] Thus, he could have filed a motion for extension of time to comply with the court's order. Again, the court is mindful that the discovery requests at issue were initially propounded nearly one year

---

[1] Aside from the length of time it has taken Plaintiff to respond to discovery, Plaintiff also interposed numerous objections to the discovery requests. Many of those objections were devoid of any reasonable basis. For example, Plaintiff objected to numerous interrogatories on the ground that he might later give a deposition and declined to provide any of the requested information. *See* Order [51].

[2] *See* Motion [54] for Extension of Time to File Reply as to Motion [47] to Compel; Reply [55].

ago–on May 25, 2012.

Based on the foregoing, the court finds that an imposition of monetary sanctions against Plaintiff and his counsel is appropriate. *See supra*, Fed. R. Civ. P. 16(f)(1)(C). The court will consider harsher sanctions if the discovery process is delayed further or the dilatory tactics continue. Plaintiff is referred to Fed. R. Civ. P. 37 for examples of the range of sanctions available to the court, which may include a dismissal of Plaintiff's claims. *See Bell v. Texaco, Inc.*, 493 F. App'x 587, 592-93 (5th Cir. 2012) (affirming dismissal of Plaintiffs' case with prejudice under Rule 37(b)(2) for discovery violations).

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motion [60] to Enforce Compliance with Court Order and for Sanctions is granted in part and denied in part as set forth herein.
2. To the extent he has not done so, Plaintiff shall produce the documents and information and shall serve supplemental verified responses to the interrogatories required by the court's Order [51] on or before May 17, 2013.
3. By no later than May 23, 2013, Defendants' counsel shall submit an itemized statement of fees and expenses incurred in association with filing the [60] Motion to Enforce Compliance with Court Order and for Sanctions. Should Plaintiff have any objections to said itemized statement, they must be filed no later than May 30, 2013, with any rebuttal due on June 4, 2013. The court will then determine an appropriate amount to be paid by Plaintiff and his counsel once this statement and any objections are submitted.
4. That Plaintiff's Motion [62] for Extension of Time is denied as moot.

5

SO ORDERED this the 16th day of May, 2013.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge