# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THOMAS PAYNE**                                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:12cv41-KS-MTP**

**UNIVERSITY OF SOUTHERN MISSISSIPPI, ET AL.**                      **DEFENDANTS**

## ORDER

This matter is before the court on the Motion [59] to Compel filed by Plaintiff. Having considered the submissions of the parties and the applicable law, and having reviewed the disputed documents *in camera*, the court finds that the Motion [59] to Compel should be granted in part and denied in part as set forth herein.

In its Order [56] dated April 12, 2013, the court ordered the parties to confer in good faith regarding specific challenges to documents identified on the Defendants' privilege logs and to submit a joint report: 1) certifying that the good faith conference was held, and 2) identifying the particular documents on the privilege logs that remain in dispute. The parties submitted their Joint Report [59-1] on April 25, 2013, setting forth the remaining withheld documents in dispute.

Plaintiff filed the instant Motion [59] on April 26, 2013, seeking an order compelling The University of Southern Mississippi (USM), Dr. Martha Saunders, and Dr. Robert Lyman (hereinafter "the Defendants") to produce certain documents withheld on the basis of privilege and identified on their privilege log. The parties have confirmed that Plaintiff's Motion [59] only involves the above-named Defendants and does not pertain to Dr. Lisa Nored, Dr. Joe Whitehead, Dr. Dale Ledford, or Dr. Rex Gandy.[1]

---

[1] *See* Response [68]; Reply [69]. Documents withheld and/or redacted from the Payne-Internal File No. 1 and No. 2 at issue in Plaintiff's Motion [59] are identified on the privilege log produced by Defendants Dr. Lisa Nored, Dr. Joe Whitehead, Dr. Dale Ledford, and Dr. Rex

The disputed documents withheld by Defendants consist mainly of handwritten notes regarding Plaintiff prepared by counsel for USM (Lee Gore, Richard Lambert, or Truett Roberts) and correspondence to/from counsel for USM (Gore, Lambert, or Roberts) and USM employees regarding Plaintiff.  Having reviewed the disputed documents *in camera*, the court agrees with Defendants that the vast majority of such documents are protected by the attorney-client privilege and/or the work-product doctrine and need not be produced, with the few exceptions noted below.

Defendants have described in detail why each disputed document was withheld as privileged.  *See* Memo. [67] at 9-27.  Moreover, Defendants submitted an affidavit from Lee Gore, counsel for USM from 1990 - January 31, 2011, describing the documents at issue and his involvement in the preparation of same.  *See* Ex. C to Response [66-3].  Contrary to Plaintiff's arguments, Defendants are not required to provide affidavits and/or retainer agreements from each USM employee that was the sender or recipient of the correspondence with USM counsel regarding legal advice for matters regarding Plaintiff.  *See Buford v. Holladay*, 133 F.R.D 487, 491 (S.D. Miss. 1990) ("Where the communications are of a confidential nature, are made between a client and his attorney, and are made for the purpose of seeking or giving legal advice, such communications are absolutely protected from disclosure by the attorney-client privilege.").

However, the court finds that the following documents are not privileged and should be produced:

USMPRIV00069 - email correspondence between Ledford and Nored;

USMPRIV00008 - envelope; Defendants may redact the hand-written notes; and

---

Gandy.  *See* Privilege Log [53-1].  However, Payne's internal files are in the control and possession of Defendants USM, Dr. Martha Saunders, and Dr. Robert Lyman. *See* Response [68].

2

USMPRIV00010-13 - anonymous letters and attachments.

Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion [59] to Compel is granted in part and denied in part as set forth herein.

2. Defendants shall produce to Plaintiff the documents required by this Order by Monday, May 20, 2013.

3. The parties' requests for fees and costs are denied.

SO ORDERED this the 16th day of May, 2013.

                                                       s/Michael T. Parker
                                                       United States Magistrate Judge