IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS PAYNE                                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:12cv41-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI, ET AL.                              DEFENDANTS

**ORDER**

THIS MATTER is before the court on the Motion [82] for Reconsideration or Modification filed by Plaintiff and upon the Defendants' application for attorneys' fees. Having considered the Motion [82], the court finds that it should be denied, and that the application for fees should be granted in part and denied in part.

On May 16, 2013, the court entered an Order [75] granting in part and denying in part the Motion [60] to Enforce Compliance with Court Order and for Sanctions filed by The University of Southern Mississippi, Dr. Martha Saunders, and Dr. Robert Lyman (hereinafter the "Defendants"). In his Motion [82] for Reconsideration, Plaintiff asks the court to reconsider and rescind the portion of its order imposing monetary sanctions on Plaintiff and his attorney.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL

---

[1] Rule 59(e) is not technically applicable to Plaintiff's motions since the Order [75] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman v. Hartford Life & Acc. Ins. Co.*, No. Civ.A. 03-0759, 2006 WL 861016, at *1 (E.D. La. Mar. 30, 2006); *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005).

1528611, at *1 (S.D. Miss. 2005).  This court has "considerable discretion" in deciding whether to grant a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly."  *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion."  *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000).  Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice."  *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted).  If one of these three grounds is not present, the court must deny the motion.  *Id.* at *3.

Plaintiff has failed to demonstrate any of these grounds.  Plaintiff alleges that the court relied on "inaccurate, untruthful misrepresentations of Defendants"[2] in making its ruling and that "new evidence" has been adduced "that establishes unequivocally that the Defendants were

---

Accordingly, the court will apply the same standard to the instant motion.

[2]*See* Motion [82] at 3.

highly inaccurate in their reply . . . ."[3] However, Plaintiff has failed to show that any of the above grounds are present. Even if the additional evidence submitted by Plaintiff is "new," the court does not find it material to its ruling. Accordingly, Plaintiff's Motion to Reconsider [82] should be denied.

In its Order [75], which the court is declining to reconsider, the court found that an imposition of monetary sanctions against Plaintiff and his counsel is appropriate. *See* Order [75] at 5. In accordance with the court's Order [75], Defendants have submitted an itemized statement of fees and expenses incurred in association with filing the [60] Motion to Enforce Compliance with Court Order and for Sanctions. *See* Notice [81].

Having considered the parties' submissions, the court finds that fees and expenses in the amount of $762.50 are appropriate. This amount represents approximately five hours billed at the average rate of $152.50 (the average hourly rate of the two attorneys who prepared the motion and rebuttal). While the court finds that the hourly rate charged by the attorneys is reasonable, and that the motion, supporting memorandum, and rebuttal contain thorough, well-reasoned legal arguments, the court finds sanctions in the amount of $3883.50 to be excessive under the circumstances. Defendants should be awarded costs and fees associated with filing the motion to enforce the court's discovery order and responding to Plaintiff's arguments in his response. However, Defendants focused most of their efforts toward obtaining sanctions in the form of dispositive relief, which was not warranted. Only the fees necessary to obtain compliance with the court's order will be awarded. Accordingly,

---

[3]*See* Reply [86] at 2.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion [82] for Reconsideration or Modification of the court's Order [75] is DENIED.

2. Plaintiff and his counsel shall pay to counsel for Defendants fees and expenses in the amount of $762.50 on or before July 1, 2013.

SO ORDERED on this 5th day of June, 2013.

s/ Michael T. Parker
United States Magistrate Judge
