IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DR. THOMAS PAYNE                                                      PLAINTIFF

V.                                  CIVIL ACTION NO. 1:12cv41-KS-MTP

THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, DR. MARTHA SAUNDERS,
Individually and Officially, DR. LISA NORED,
Individually and Officially, DR. ROBERT LYMAN,
Individually and Officially, DR. JOE WHITEHEAD,
Individually and Officially, DR. DALE LEDFORD,
Individually and Officially and DR. REX GANDY
Individually and Officially                                DEFENDANTS

## ORDER DENYING MOTION TO RECUSE

This matter is before the Court on the Plaintiff Dr. Thomas Payne's Motion to Recuse [101]. For the reasons stated below, the Court finds that the motion should be denied.

Plaintiff's Complaint [1-2] asserts several federal and state law claims in relation to his employment as a faculty member of the University of Southern Mississippi ("USM"). Plaintiff contends that Defendants' wrongful conduct began in 2009 and that his complaints "evolved out of his religious beliefs and his desire not to have those beliefs and his religion used against him." (Compl. [1-2] at ¶ 9.) It appears that the Plaintiff was employed as a professor in USM's Criminal Justice Department at its Gulf Coast campus at all times relevant to the Complaint. (*See* Compl. [1-2] at pp. 2, 3, 5, 7.)

Plaintiff's request for recusal is made pursuant to Title 28 U.S.C. § 455(a). Plaintiff contends the impartiality of the undersigned (hereinafter referred to in the third

person as "Judge Starrett") might reasonably be questioned because the "District Judge has been an Adjunct faculty member within The University of Southern Mississippi and the very Criminal Justice Department that is the focal point of this litigation." (Mot. to Recuse [101] at ¶ 5.) In support of recusal, the Plaintiff asserts that Dr. Lisa Nored (one of the Defendants) stated at deposition that she had been Judge Starrett's supervisor at USM. Plaintiff also relies on a printout from USM's Department of Administration of Justice website (last modified on September 6, 2006), listing Judge Starrett as an Adjunct Instructor. Dr. Nored's deposition transcript indicates that the Criminal Justice Department "used to be called the Department of Administration of Justice" and that Dr. Nored was the interim chair of the Department in the fall of 2006. (Doc. No. [101-1 at ECF pp. 3, 6].) Further, Dr. Nored answered, "I guess", in response to the following question from Plaintiff's counsel: "So technically at least you were his [Judge Starrett's] supervisor?" (Doc. No. [101-1 at ECF p. 7].)

Section 455 provides in pertinent part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of this provision is to avoid even the appearance of impropriety in the judiciary. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). Nonetheless, a court should be cautious in reviewing a recusal motion since "putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Section 455(a) has been interpreted "to require recusal if

a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Id.* The reasonable person is presumed to be "well-informed, thoughtful and objective," as opposed to "hypersensitive, cynical, and suspicious . . . ." *Id.* A motion seeking recusal under § 455 is entrusted "to the sound discretion of the district judge.'" *Id.* at 598.

The following facts are pertinent to the issue of recusal before the Court. Judge Starrett was hired as an adjunct instructor by Dr. Donald Cabana in September, 2005. Prior to that time, Judge Starrett had no direct contact with anyone at USM regarding potential employment. Judge Starrett taught one course at USM's Hattiesburg campus during the following semesters: (1) September, 2005 – December, 2005; (2) August, 2006 – December, 2006; and (3) January, 2007 – May, 2007. Judge Starrett was paid $1,500.00 per course/semester. Judge Starrett spoke with Dr. Nored on one occasion about the possibility of him teaching a course in the fall of 2008. Judge Starrett declined this teaching opportunity. At no time did Judge Starrett serve in any administrative role in the academic department made the subject of this lawsuit. Aside from Judge Starrett presiding over other lawsuits where USM, Dr. Saunders and Dr. Lyman have been named as parties, he has not had any personal or professional dealings with any of the Defendants since he last taught at USM in 2007.[1]

---

[1] Dr. Nored was one of several individuals proposed by Forrest County to serve as an independent monitor in a lawsuit challenging conditions of confinement at the Forrest County Juvenile Detention Center. (*See* Doc. No. [8] in Case No. 2:11cv91.) On March 6, 2012, Dr. Nored and others seeking appointment appeared before Judge Starrett for a hearing on the selection of the independent monitor. After listening to arguments of counsel and hearing from the proposed candidates, Judge Starrett appointed Ann Nelson–who is not associated with USM–as the independent monitor. (*See* Order [14] in Case No. 2:11cv91.)

No reasonable person "knowing all of the facts"[2] regarding Judge Starrett's prior, limited teaching engagement at USM would question his impartiality in this action. *Cf. Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (affirming denial of motion to recuse where the University of Iowa was a party and the trial judge graduated from the University Law School, made financial contributions to the Iowa Law School Foundation and presented educational programs at the University); *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir. 1993) (ruling that the trial judge's status as an adjunct professor at the University of Alabama and past financial contributions to the University did not require recusal in a suit brought against the University and numerous University officials); *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 225-26 (5th Cir. 1988) (finding the school ties of the trial judge and his wife insufficient to warrant recusal); *Bernofsky v. Adm'rs of the Tulane Educ. Fund*, No. Civ.A.98-1792, 2000 WL 703798, at *1-2 (E.D. La. May 30, 2000) (denying motion to recuse based on the district judge agreeing to teach a summer course at Tulane Law School in exchange for a stipend of $5,500), *aff'd*, 253 F.3d 700 (5th Cir. 2001).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Recuse [101] is denied.

SO ORDERED AND ADJUDGED this the 1st day of August, 2013.

                            *s/Keith Starrett*
                            UNITED STATES DISTRICT JUDGE

---

[2] *Sensley*, 385 F.3d at 599.