IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS PAYNE**                                                                                 **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 1:12-CV-41-KS-MTP**

**THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.**                                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' Motion for Partial Reconsideration [152] is **granted in part and denied in part**.

The Court discussed the background of this case in its Memorandum Opinion and Order [147] of February 21, 2014. *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052 (S.D. Miss. Feb. 21, 2014). Defendants now seek amendment of the Court's rulings regarding 1) Plaintiff's claim for intentional infliction of emotional distress, 2) Plaintiff's claim for fraudulent misrepresentation, 3) the application of the Mississippi Tort Claims Act ("MTCA") to Plaintiff's state-law claims, and 4) Plaintiff's demand for prospective injunctive relief.

### A.    *Standard of Review*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60."

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Defendants' Motion for Partial Reconsideration [152] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [147] of February 21, 2014, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also United Nat' Ins. Co. v. Mundell Terminal Servs.*, 740 F.3d 1022, 1031 (5th Cir. 2014). It is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 478.

## B.   IIED

Defendants argue that Plaintiff failed to present sufficient proof to support a claim for intentional infliction of emotional distress. They did not, however, present this argument in their original motion and brief [106, 107]. Although they presented it in their original reply [131], the Court does not "consider arguments raised for the first time in reply briefs." *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008).

The Court concludes, therefore, that Defendants could have presented this argument in their original motion, but they chose not to do so. "Motions for reconsideration should not be used to raise arguments that could have been made

2

before the entry of judgment . . . ." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). Accordingly, the Court denies Defendants' Motion for Partial Reconsideration [152] with respect to Plaintiff's IIED claim.

## C. *Fraudulent Misrepresentation*

Defendants argue that Plaintiff does not have sufficient evidence to prove the necessary elements of fraudulent misrepresentation. Defendants did not present this argument in their original motion and briefs [106, 107, 131], although they could have done so. Therefore, the Court denies Defendants' Motion for Partial Reconsideration [152] with respect to Plaintiff's fraudulent misrepresentation claim.[1] *Templet*, 367 F.3d at 478; *Nationalist Movement*, 321 F. App'x at 364.

## D. **MTCA**

Defendants argue that they are immune from liability for Plaintiff's state-law claims under the MTCA's discretionary function exemption. Once again, Defendants did not present this argument in their original motion and briefs [106, 107, 131], although they could have done so. Therefore, the Court denies Defendants' Motion for Partial Reconsideration [152] with respect to the question of discretionary function exemption under the MTCA. *Templet*, 367 F.3d at 478; *Nationalist Movement*, 321 F. App'x at 364.

## E. *Prospective Injunctive Relief*

---

[1] To the extent Defendants contend that they first became aware of the nature of Plaintiff's fraudulent misrepresentation claim at the hearing held on February 25, 2014, the Court notes that Defendants had the entire discovery period to explore the nature of Plaintiff's claims.

3

Finally, Defendants argue that Plaintiff does not have standing to assert a claim for prospective injunctive relief. "[P]laintiffs may lack standing to seek prospective relief even though they have standing to sue for damages." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *Lyons*, 103 S. Ct. at 1665). Therefore, "[t]o obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.*; *see also Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 342 (5th Cir. 2012).

In the Complaint [1-2], Plaintiff sought injunctive relief in the form of "specific performance," promotion, and an order for Defendants to follow the Faculty Handbook and stop certain alleged adverse employment actions. Plaintiff is no longer an employee of the University. He resigned in December 2012. Therefore, as he is no longer employed by the University, there is no possibility of "continuing harm or a real and immediate threat of repeated injury in the future." *Herman*, 959 F.2d at 1285. Accordingly, Plaintiff can not obtain these forms of injunctive relief.[2]

---

[2]Although Defendants did not present this argument before now, standing implicates the Court's jurisdiction. *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013) (Article III standing is a threshold issue of jurisdiction). Therefore, Defendants may raise the issue at any time, and the Court must address it. *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (federal courts must constantly examine the basis of jurisdiction).

However, Plaintiff now desires reinstatement to his position. Defendants argue that no such claim is properly before the Court because Plaintiff failed to plead it, but they have not cited any authority holding that a plaintiff's failure to specifically request the remedy of reinstatement precludes its award. Indeed, Rule 54 provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. CIV. P. 54(c). Accordingly, the Fifth Circuit has held that a plaintiff's failure to "expressly request" an award of front pay did not preclude the district court from awarding it. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991) (citing FED. R. CIV. P. 54(c)). This is an analogous situation.

To the extent Defendants argue that Plaintiff's reinstatement to the job from which he previously resigned is neither feasible nor merited, they have not adequately briefed that issue, and, in any case, Plaintiff has not had the opportunity to respond to it.

For these reasons, the Court grants Defendants' Motion for Reconsideration [152] with respect to Plaintiff's requests for prospective injunctive relief in the form of specific performance, promotion, and an order for Defendants to follow the Faculty Handbook and stop certain alleged adverse employment actions, but the Court denies Defendants' Motion for Reconsideration [152] with respect to Plaintiffs' new request for reinstatement.

## F.  *Conclusion*

For all of the reasons stated above, the Court **grants in part and denies in**

**part** Defendants' Motion for Partial Reconsideration [152]. The Court grants the motion as to Plaintiff's specific demands for prospective injunctive relief in the Complaint, but the Court denies it in all other respects.

SO ORDERED AND ADJUDGED this 7th day of April, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE