IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS PAYNE**                                                                               **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 1:12-CV-41-KS-MTP**

**THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.**                                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

The Court discussed the background of this case in its Memorandum Opinion and Order [147] of February 21, 2014. *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052 (S.D. Miss. Feb. 21, 2014). Plaintiff filed a Motion for Reconsideration [150] of several of the Court's rulings. For the reasons stated below, the motion is **denied**.

**A.**    *Standard of Review*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [150] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [147] of February 21, 2014, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet*

*v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also United Nat' Ins. Co. v. Mundell Terminal Servs.*, 740 F.3d 1022, 1031 (5th Cir. 2014). It is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 478.

**B.     *Grievance*s**

First, Plaintiff argues that the Court should not have granted summary judgment on the due process claims arising from his grievances because they were part of "continuing violations." Plaintiff did not present this argument in his original briefs [117, 118, 119, 120], although he could have done so. Therefore, the Court denies Plaintiff's Motion for Reconsideration [150] with respect to this issue. *Templet*, 367 F.3d at 478; *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009).

Next, Plaintiff argues that Defendants "confessed" that Plaintiff was entitled to due process in the handling of his grievances. Indeed, as the Court noted in its previous opinion, Plaintiff was entitled to the process outlined in the University Policies and Procedures, and Russ Willis failed to comply with that process with respect to the February 2009 grievance. *Payne*, 2014 U.S. Dist. LEXIS 22052 at *36-*38. Plaintiff, however, failed to present any evidence that the individual Defendants were causally connected to these actions. *See Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir.

2012) (Section 1983 defendant must be personally involved in deprivation or causally connected to it); *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009) (supervisory officials liable under 1983 only if they affirmatively participate in deprivation or implement policies which cause it). Therefore, Defendants' purported "confession" is immaterial to the basis of the Court's ruling on the grievance of February 2009.

As for the grievance of July 2009, Plaintiff was entitled to the grievance process outlined in the University Policies and Procedures, *Payne*, 2014 U.S. Dist. LEXIS 22052 at *38-*39, and – as the Court previously explained – he received it. Therefore, Defendants' "confession" is irrelevant to the basis of the Court's decision.

Finally, Plaintiff argues that he was not required to exhaust his administrative remedies before bringing a Section 1983 claim. Nothing in the Court's previous opinion related to exhaustion of administrative remedies, and this argument is irrelevant.

## C.     *Outside Employment*

Plaintiff argues that Defendant Saunders violated his right to due process by failing to take action on his requests for permission to engage in outside employment. For a plaintiff to have a substantive or procedural due process claim that can be remedied by the Court, he must have been denied a life, liberty, or property interest protected by the Fourteenth Amendment. *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012); *Lewis v. Univ. of Tex. Med. Branch*, 665 F.3d 625, 630 (5th Cir. 2011). The Court previously ruled that Plaintiff possessed no Fourteenth Amendment life, liberty, or property interest in permission to engage in outside employment. Therefore, Saunders' actions are irrelevant to the basis of the Court's ruling.

3

### D. *August 2010 Non-Renewal*

The Court previously granted summary judgment as to Plaintiff's due process claim arising from the non-renewal letter sent to him in August 2010. Plaintiff now contends that the claim is for "wrongful targeting" for termination, rather than termination itself. But Plaintiff has consistently framed the adverse employment action as the alleged termination itself, rather than the alleged targeting. Plaintiff's recent argument to the contrary is disingenuous, and he may not recast a "wrongful termination" claim as one for "wrongful targeting for termination" mere weeks before trial.

### E. *Evaluations*

Plaintiff contends that he previously offered evidence that the outcome of his performance reviews for calendar years 2008 and 2009 were based upon discriminatory intent. Rule 59(e) motions are not the "proper vehicle for rehashing evidence" previously presented to the Court. *Templet*, 367 F.3d at 478. Accordingly, the Court denies Plaintiff's Motion for Reconsideration [150] with respect to this issue.

### F. *Defendant Whitehead*

Plaintiff disagrees with the Court's ruling that Defendant Whitehead was entitled to qualified immunity for delaying the completion of his 2009 performance review, citing certain evidence in the record. Rule 59(e) motions are not the "proper vehicle for rehashing evidence" previously presented to the Court. *Templet*, 367 F.3d at 478. Accordingly, the Court denies Plaintiff's Motion for Reconsideration [150] with respect to this issue.

## G.   *Conclusion*

For all of the reasons stated above, the Court **denies** Plaintiff's Motion for Reconsideration [150].

SO ORDERED AND ADJUDGED this 8th day of April, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE