IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS PAYNE                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 1:12-CV-41-KS-MTP

THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

The Court discussed the background of this case in its Memorandum Opinion and Order [147] of February 21, 2014. *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052 (S.D. Miss. Feb. 21, 2014). Defendants filed a Motion in Limine [135] prior to the Court's ruling on the dispositive motions, and the Court later ordered [149] them to file a revised motion. Defendants complied, and the revised Motion in Limine [156] is ready for review. For the reasons stated below, the Court **grants it in part and denies it in part**.

*A.    Dismissed Claims*

First, Defendants argue that neither Plaintiff nor his counsel should be permitted to present evidence or argument related to any of the claims disposed of in the Court's previous opinion. Defendants anticipate that Plaintiff and his counsel will attempt to frame the case as encompassing claims that have already been dismissed, and to present evidence of events that are irrelevant to the remaining claims.

Defendants effectively seek the wholesale exclusion of evidence concerning many of the events in the background of this case, events leading up to and providing the

context surrounding Plaintiff's remaining claims. But the Court can not assess argument, evidence, or testimony that is not before it, and it declines to sift through the record and speculate as to what Plaintiff may attempt to present at trial.

Furthermore, much of the evidence Defendants seek to exclude is, in fact, relevant to Plaintiff's claim for intentional infliction of emotional distress. Plaintiff has consistently maintained that those other events and actions – the ones underlying his dismissed claims – comprise part of the conduct underlying his claim for intentional infliction of emotional distress. For these reasons, the Court presently denies this motion, but Defendants may raise objections on a case-by-case basis at trial.

**B.     *Termination/Constructive Discharge***

Defendants argue that the Court should preclude Plaintiff and his counsel from testifying, arguing, or asserting that he was terminated or constructively discharged. The Court grants the motion in part. Plaintiff and his counsel may not argue, testify, or assert that he was terminated or constructively discharged, but Plaintiff is free to present evidence of his retirement and to discuss the circumstances surrounding it. Defendants may present objections on a more specific, case-by-case basis at trial.

**C.     *Loss of Home/Restaurant***

Defendants also argue that Plaintiff should not be permitted to present evidence or argument concerning the loss of his home or restaurant. The Court can not assess argument, evidence, or testimony that is not before it, and it declines to guess what Plaintiff may say regarding the loss of his home and restaurant. This motion is denied, but Defendants may raise more specific objections on a case-by-case basis at trial.

**D.      Out-of-Court Statements by Defendants**

Defendants seek the exclusion of certain out-of-court statements by USM officials. This motion is denied. It is overbroad, and, in any case, the Court can not assess the admissibility of argument, evidence, or testimony that is not before it. Defendants may present objections on a case-by-case basis at trial.

**E.      Testimony of Dr. Julie Teater**

Defendants seek the exclusion of testimony from Dr. Julie Teater on the basis that Plaintiff failed to designate her as an expert witness. Indeed, Plaintiff did not designate Teater as an expert, but he identified her as a treating physician in his interrogatory responses. Plaintiff also failed to produce Teater's medical records from his treatment, but Defendants obtained them through other means.

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). If the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. FED. R. CIV. P. 26(a)(2)(C). These disclosures must be made and supplemented in the time and sequence ordered by the Court. FED. R. CIV. P. 26(a)(2)(D)-(E). A party's failure to do so is "grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2).

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts, including treating physicians. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 111906, at *4 (S.D. Miss. Aug. 9, 2012). The advisory committee noted:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . . Parties must identify such witnesses under Rule 26(a)(2)(B) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

FED. R. CIV. P. 26(a)(2)(C) advisory committee's note; *see also* L.U.Civ.R. 26(a)(2)(D) (requiring parties to "designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial").

Plaintiff's interrogatory response [117-11] identifying Teater as a treating physician is insufficient to comply with these Rules insofar as it does not provide a summary of the facts and opinions to which she is expected to testify. *See Gerald v. USM*, No. 2:12-CV-147-KS-MTP, 2013 U.S. Dist. LEXIS 146728, at *13-*14 (S.D. Miss. Oct. 10, 2013); *Barnes v. BTN, Inc.*, No. 1:12-CV-34-HSO-RHW, 2013 U.S. Dist. LEXIS 40158, at *5 (S.D. Miss. Mar. 22, 2013) (identification of physician in initial disclosures did not satisfy Rule 26). Furthermore, Plaintiff's execution of a waiver of medical privilege – allowing Defendants to access Teater's records concerning his treatment – is insufficient to satisfy Rule 26. *Gerald*, 2013 U.S. Dist. LEXIS 146728 at *15; *Lee v.*

*Knutson*, 112 F.R.D. 105, 110 (N.D. Miss. 1986).

Therefore, the Court concludes that Plaintiff failed to comply with Rule 26. He did not designate Teater as an expert witness as required by Rule 26(a)(2)(A), and he did not provide the disclosure required by Rule 26(a)(2)(C). The question remains whether – or to what extent – the Court should exclude Teater's testimony. The Court considers four factors when deciding whether to exclude expert testimony for a party's failure to comply with the disclosure requirements: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger*, 361 F.3d at 883.

With respect to the first factor, Plaintiff has provided no legitimate explanation for failing to comply with the Rules. Plaintiff contends that Teater is merely a fact witness and, therefore, does not have to be designated. As noted above, treating physicians must be designated in accordance with Rule 26. *Id.* at 882-83; *BC's Heating & Air*, 2012 U.S. Dist. LEXIS 111906 at *4. This factor weighs in favor of excluding Teater's expert testimony.

As for the second factor, Teater's testimony may be moderately important to Plaintiff's claims for emotional damages and IIED, but "expert testimony showing actual harm to prove mental injury is not always required." *Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 173 (Miss. 2004). This factor, therefore, is neutral.

As for the third factor, the Court concludes that Defendants would be slightly prejudiced by permitting Teater to offer expert testimony. Plaintiff failed to provide a

summary of the facts and opinions Teater intends to provide at trial. Defendants can not claim, though, that they were unable to depose Teater, as Plaintiff identified her during discovery – albeit not as an expert witness in a Rule 26 designation. Furthermore, Defendants have Teater's records, despite Plaintiff's failure to produce them. They had no notice, however, that Plaintiff intended for Teater to testify as an expert.

A continuance of the trial to permit further discovery would, of course, cure any prejudice. But the Court will not grant a continuance here. This case is over two years old, and the Court already granted two continuances [18, 100] of the original trial term. Additionally, due to scheduling conflicts among the Court and parties' counsel, the trial date was pushed back even further at the pretrial conference. Additional delay would merely add to the resources the parties have already expended in this matter. *See Hamburger*, 361 F.3d at 883.[1]

The balance of these factors tips in favor of excluding Dr. Teater as an expert witness in this case. *Cf. Hamburger*, 361 F.3d at 883-84 (affirming the trial court's exclusion of expert witness testimony where the "explanation" and "prejudice" factors militated against allowing the testimony); *Reliance Ins. Co. v. La. Land & Exploration*

---

[1]Furthermore, "a continuance would not deter further dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders," *Geiserman v. McDonald*, 893 F.2d 787, 792 (5th Cir. 1990). This is not the first time the Court has addressed a Rule 26 issue in a case involving Plaintiff's counsel. *See, e.g., Gerald*, 2013 U.S. Dist. LEXIS 146728 at *20-*21 (barring plaintiff's treating physician from offering expert testimony because of plaintiff's failure to comply with Rule 26).

*Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (same). Therefore, Dr. Teater may not provide expert testimony at trial.

She may, however, testify as a fact witness. Plaintiff listed Teater in his interrogatory responses, and Defendants received Teater's medical records related to her treatment of Plaintiff. Therefore, Defendants knew Teater could be called to testify as a fact witness, and no unfair surprise or undue prejudice would result from her testimony in that capacity. *See Gerald*, 2013 U.S. Dist. LEXIS 146728 at *19; *BC's Heating & Air*, 2012 U.S. Dist. LEXIS 111906 at *5-*6. Accordingly, Teater may not provide expert testimony, but she may "testify as to basic facts known to [her] as the treating physician without expressing any opinion at all." *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

## F.   *Budget Crisis*

Defendants want the Court to prevent Plaintiff from testifying that there was no budget crisis for the University in 2009-2010. Defendants contend that exclusion is warranted because their own witnesses will testify that there was a budget crisis. This motion is denied. Plaintiff's disagreement with Defendants on a factual issue is not grounds for excluding evidence. If Defendants have other, more specific objections, they may present them on a case-by-case basis at trial.

## G.   *UPC Report*

Defendants want the Court to prevent Plaintiff from testifying or arguing that the UPC report could have been completed on an earlier date, or that it was intentionally delayed. Defendants contend that exclusion of such evidence is warranted

because it would contradict their own witnesses' testimony. Of course, this is not grounds for exclusion. If Defendants have other, more specific objections, they can present them on a case-by-case basis at trial.

## H.   *Lyman's Resignation*

The Court grants Defendants' motion with respect to evidence or argument concerning the tablet computers and Defendant Lyman's resignation. Such evidence is wholly irrelevant to Plaintiff's claims.

## I.   *Affidavit of Dr. Donald Cabana*

Defendants seek the exclusion of an affidavit by Dr. Donald Cabana [117-32] prepared by Plaintiff in response to his 2008 annual evaluation. Defendants argue that the affidavit is inadmissible hearsay. The affidavit is a classic example of hearsay: an out-of-court statement offered in evidence to prove the truth of the matter asserted therein. FED. R. EVID. 801(c). In response, Plaintiff argues that the affidavit is admissible under a number of exceptions to the hearsay rule.

First, Plaintiff contends that the affidavit is admissible under Rule 801(d)(2)(D), which provides that a statement is not hearsay if it is "offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship *and while it existed.*" FED. R. EVID. 801(d)(2)(D) (emphasis added). The affidavit, however, was executed in May 2010 – almost three years after Dr. Cabana's tenure at USM ended. Therefore, as the statement was not made while the agency relationship existed, Rule 801(d)(2)(D) does not apply. *See Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 622 (7th Cir. 2003) (801(d)(2)(D) requires that the

8

proffered "statement be made during the period of agency"); *Rhodes v. Arc of Madison County, Inc.*, 920 F. Supp. 2d 1202, 1228 (N.D. Ala. 2013) (resignation letter was not admissible under 801(d)(2)(D) because it could not have been executed while the agency relationship existed).

Second, Plaintiff argues that the affidavit is admissible under Rule 804. Rule 804 provides a number of exceptions to the hearsay rule where the declarant is unavailable as a witness. *See* FED. R. EVID. 804(b)(1)-(6). It is undisputed that Dr. Cabana is unavailable as a witness, but Plaintiff failed to identify a specific exception under Rule 804(b) in his briefing. The Court declines to guess which exception Plaintiff believes is applicable here.

Next, Plaintiff contends that the affidavit is admissible under Rule 803(1), which provides that a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is not excluded as hearsay. FED. R. EVID. 803(1). "The basis for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing that event. Because the two occur almost simultaneously, there is almost no likelihood of a deliberate or conscious misrepresentation." *United States v. Polidore*, 690 F.3d 705, 720 (5th Cir. 2012). The affidavit does not fall within this exception because it was not executed "almost simultaneously" with the matters described within it. It was executed in 2010, and it relates to matters occurring in 2006 and 2007.

Next, Plaintiff argues that the affidavit is admissible under Rule 803(5), the exception for recorded recollections. *See* FED. R. EVID. 803(5). This exception is wholly

9

inapplicable here. Its purpose is to refresh the recollection of the witness who made or adopted the record. *Id.* Dr. Cabana is deceased, and the affidavit can not possibly be admitted to refresh his recollection. Furthermore, the proponent of a record under this exception must make a predicate showing that the record is accurate, *O'Malley v. United States Fid. & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985), and that the "witness had insufficient recollection to enable him to testify fully and accurately at trial." *United States v. Judon*, 567 F.2d 1289, 1294 (5th Cir. 1978). Plaintiff can not possibly make this predicate showing because Dr. Cabana is deceased.

Finally, Plaintiff argues that the affidavit is admissible under Rule 807's residual exception to the hearsay rule. Rule 807 provides that a statement is not excluded as hearsay if:

> (1)   the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2)   it is offered as evidence of a material fact;
>
> (3)   it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4)   admitting it will best serve the purposes of these rules and the interests of justice.

FED. R. EVID. 807(a). "The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." FED. R. EVID. 807(b).

The residual exception "is to be used only rarely, in truly exceptional cases."

10

*United States v. Phillips*, 219 F.3d 404, 419 n. 23 (5th Cir. 2000). "The proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force. In order to find a statement trustworthy, a court must find that the declarant of the . . . statement was particularly likely to be telling the truth when the statement was made." *Id.* (citations and punctuation omitted). The "equivalent circumstantial guarantees of trustworthiness" requirement is the "lodestar of the residual hearsay exception analysis." *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011). "The determination of trustworthiness is drawn from the totality of the circumstances surrounding the making of the statement, but it cannot stem from other corroborating evidence." *Id.*

The Court has no reason to doubt Dr. Cabana's trustworthiness, but that is not sufficient to meet Rule 807's requirements. Plaintiff must provide "equivalent circumstantial guarantees" of the affidavit's trustworthiness. In briefing, Plaintiff provided no argument whatsoever as to why the affidavit is trustworthy – much less any "equivalent circumstantial" evidence. He recited Rule 807 and stated: "All of the foregoing criteria are satisfied herein." This is insufficient to carry his burden under Rule 807. *Bedingfield v. Deen*, 487 F. App'x 219, 228 (5th Cir. 2012) (proponent's unsubstantiated assertion was insufficient to provide indicia of reliability).

For all of these reasons, the Court finds that the affidavit of Dr. Donald Cabana [117-32] is inadmissible hearsay. The Court grants Defendants' motion in limine with respect to it.

## J.   Plaintiff's Salary

Defendants argue that evidence regarding Plaintiff's salary is irrelevant to his retaliation claims insofar as he was the lowest paid professor in the department for years prior to the grievances and EEOC charges which Plaintiff alleges sparked the retaliation. The record contains evidence that at least one raise occurred after Plaintiff's grievances and EEOC charges, and that it was lower than that received by other professors in the department. Therefore, the wholesale exclusion of all evidence regarding Plaintiff's salary would be inappropriate. The Court further notes that this evidence is arguably relevant to Plaintiff's IIED claim. If Defendants wish to make a more specific, narrower objection at trial, they may do so.

### K.   *Plaintiff's Opinions*

Defendants seek the exclusion of Plaintiff's personal opinions on a variety of subjects. This motion is denied. It is overbroad, and, in any case, the Court can not assess the admissibility of argument, evidence, or testimony that is not before it. Defendants may present objections on a case-by-case basis at trial.

### L.   *Hearsay*

Finally, Defendants seek the exclusion of all hearsay, speculation, and conjecture that Plaintiff may intend to present during his testimony at trial. This motion is denied. It is overbroad, and, in any case, the Court can not assess the admissibility of argument, evidence, or testimony that is not before it. Defendants may present objections on a case-by-case basis at trial.

### M.   *Conclusion*

For these reasons, the Court **grants in part and denies in part** Defendants'

Motion in Limine [135, 156].

The Court expects all counsel of record to confer with one another prior to trial to identify all potential evidentiary disputes, and to resolve them without Court intervention where possible. If any evidentiary disputes remain at trial, the Court expects the parties to anticipate disputed evidence and raise objections prior to its introduction and outside the presence of the jury whenever possible.

SO ORDERED AND ADJUDGED this 10th day of April, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE