IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. THOMAS PAYNE                                                    PLAINTIFF

VERSUS                                      CIVIL ACTION NO.:  1:12CV41KS-MTP

THE UNIVERSITY OF SOUTHERN MISSISSIPPI,
DR. MARTHA SAUNDERS, Individually and Officially,
DR. LISA NORED, Individually and Officially,
DR. ROBERT LYMAN, Individually and Officially,
DR. JOE WHITEHEAD, Individually and Officially,
DR. DALE LEDFORD, Individually and Officially,
DR. REX GANDY, Individually and Officially               DEFENDANTS

## MEMORANDUM IN SUPPORT
## OF MOTION FOR ATTORNEYS FEES

COME NOW, Defendants Dr. Lisa Nored, Dr. Joe Whitehead, Dr. Dale Ledford, and Dr. Rex Gandy, and file this Memorandum in Support of their Motion for Attorneys Fees [Doc. 200], and submit to this Honorable Court as follows:

Defendants Dr. Lisa Nored, Dr. Joe Whitehead, Dr. Dale Ledford, and Dr. Rex Gandy (collectively "individual defendants") are prevailing parties in this matter as set forth in the Court's Final Judgment of Dismissal with Prejudice [Doc. 195] entered May 20, 2014.  Pursuant to Rule 54(d)(2), these Defendants request this Court award attorneys fees in their favor in addition to those costs ordinarily taxable against the non-prevailing party pursuant to 28 U.S.C. § 1920.

The individual defendants submit that Plaintiff's claim was frivolous, unreasonable, without foundation and vexatious or otherwise litigated to unreasonably multiply these proceedings.  The majority of the claims asserted by the plaintiff against the individual defendants failed to overcome summary judgment and failed as a matter

400804

of law, and the only two remaining claims against the individual defendants at the time of trial, were ultimately dismissed with prejudice on Defendants' Motion for Directed Verdict.

<u>Statutory Authorization for Attorneys Fees</u>

The individual defendants bring their Motion for Attorneys Fees pursuant to Fed. R. Civ P. Rule 54(d)(2), and the statutory authorization for this Court to award attorneys fees to the individual defendants as prevailing parties pursuant to 42 U.S.C §2000e-5(k), 42 U.S.C. § 1988, the Mississippi Litigation Accountability Act, Miss. Code Ann. § 11-55-5, and due to the Plaintiff's efforts to litigate claims vexatiously against the individual defendants and otherwise unreasonably multiply these proceedings, the individual defendants seek an award of reasonable attorneys fees pursuant to Title 28 U.S.C. § 1927.

<u>The Individual Defendants were Prevailing<br>Parties on All Claims Brought by Plaintiff</u>

Plaintiff filed his Complaint on December 2, 2011 in the Circuit Court of Harrison County, Mississippi, First Judicial District. [Doc. 1-2]. Defendants' removed this case to this Court on February 10, 2012. [Doc. 1]. Plaintiff utilized a shotgun approach to asserting claims against all Defendants, which included the following causes of action: (1) Section 1983 claim for violation of his right to procedural due process; (2) Section 1983 claim for violation of his right to substantive due process; (3) Section 1983 claim for violation of his right to equal protection; (4) Section 1983 claim for violation of his First Amendment right to be free from retaliation for protected speech; (5) Section 1983 claim for violation of his First Amendment right to association;

400804

(6) Title VII retaliation; (7) Title VII hostile work environment; (8) breach of contract; (9) misrepresentation; (10) negligent infliction of emotional distress; (11) intentional infliction of emotional distress; and (12) negligence. *See* Complaint [Doc. 1-2]. As this Court has noted ([Doc. 147] at pg. 4) the Plaintiff asserted all causes of action in his Complaint against all Defendants, including the individual defendants. This Court described the Plaintiff's Complaint as "a shotgun approach to pleadings" and noted that such imprecise allegations "escalates the cost of litigation for both the parties and the court" and requires "voluminous discovery and motions to pinpoint specific issues for trial". *See* [Doc. 147] at pg. 4, n.3.

The Answer and Affirmative Defenses of the Defendants in this action [Doc. 5] affirmatively invoked the individual Defendant's position that the Plaintiff's claims are groundless in fact, groundless in law and frivolous. Further, the Defendants affirmatively placed the Plaintiff on notice of the Defendants' position that Defendants were entitled to all attorneys' fees, expenses and costs associated with defending against the Plaintiff's claims pursuant to the Mississippi Litigation Accountability Act of 1988, Miss. Code Ann. §11-55-5, and that Defendants further intended to pursue a claim for Defendants' attorneys' fees, expenses and costs pursuant to Title 28, United States Code §1927. *See* [Doc. 5] at pg. 11.

Defendants were required to pursue considerable discovery efforts, and were likewise subjected to the discovery efforts of the Plaintiff. Defendants sought summary judgment as to the claims of the Plaintiff by way of Motion [Doc. 106], but the Plaintiff conceded nothing. Plaintiff vigorously opposed the Defendants' efforts to eliminate these causes of action asserted against them by Plaintiff. Plaintiff's opposition to

3

400804

Defendants' Motion for Summary Judgment was vigorous [Doc. 119] and the Plaintiff fought the Defendants' efforts by placing in excess of 1300 pages of various items into the record in an effort to avoid summary judgment.

Plaintiff's Title VII Claims Against the Individual Defendants were<br>Frivolous, Unreasonable and Without Foundation

As a matter of law, all Title VII claims asserted against the individual Defendants were dismissed with prejudice. As this Court held, "individuals are not liable under Title VII in either their individual or official capacities" [Doc. 147] at pg. 32 (citing *Ackel v. Nat'l Communs., Inc.*, 339 F. 3d 376,381 N.1 (5th Cir. 2003). With respect to Plaintiff's Title VII claims asserted against the individual Defendants, there was no basis in law or fact, to assert such claims against individual Defendants. Plaintiff knew, or had reason to know, that such Title VII claims were wholly unsupported by Title VII. Nonetheless, Plaintiff continued to pursue those causes of action against the individual Defendants, and vigorously opposed the individual Defendants' efforts to obtain dismissal of the baseless Title VII claims.

The Plaintiff's continued pursuit of a cause of action that is readily apparent as impossible to succeed as a matter of law against the individual defendants demonstrates that Plaintiff's Title VII claims against the individual Defendants were "so lacking in arguable merit as to be groundless or without foundation" to be described as "frivolous". The individual Defendants are entitled to their attorneys' fees as the Title VII claims against the individual Defendants were frivolous, unreasonable and without justification from the outset and the Plaintiff should have known that Title VII provided no foundation for such claim. Title 42, United States Code, §2000 e-5(k)

4

400804

authorizes this Court to allow the individual Defendants, as the prevailing party on Plaintiff's Title VII claims, to be awarded their reasonable attorneys' fees as part of the costs in this action.

Plaintiff's Section 1983 Claims Against the Individual Defendants were<br>Frivolous, Unreasonable and Without Foundation

The individual Defendants prevailed on all claims of the Plaintiff asserted against the individual Defendants arising out of Title 42, United States Code, §1983. Again, noting a shotgun approach to pleading, Plaintiff asserted Section 1983 claims against all Defendants in their individual and official capacities. This Court quickly disposed of the Plaintiff's claims for monetary relief against the individual Defendants pursuant to black letter law that the State of Mississippi and its political subdivisions are not proper Defendants under Section 1983, and that "an official capacity claim is asserted against the official's office and is no different from a suit against the state itself". [Doc. 146] at pg. 6 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 458, 71 (1989). Thus, Plaintiff's Section 1983 claims for money damages against the individual Defendants in their official capacities were dismissed on summary judgment. While this Court initially left open the opportunity for Plaintiff to obtain prospective injunctive relief pursuant to Section 1983 from the individual Defendants in their official capacities, that claim ultimately sank due to its lack of foundation as well.

The Plaintiff's Section 1983 claims arising out of purported due process violations against the individual Defendants fell flat, one by one. This Court found that Plaintiff had no Section 1983 claim for violations of procedural or substantive due process arising from the notice of non-renewal of his contract. [Doc. 147] at pg. 13.

5

400804

Likewise, this Court held that Plaintiff had no Section 1983 claim for procedural or substantive due process violations arising out of the denial of permission to engage in outside employment. [Doc. 147] at pg. 14. Notably, this Court relied upon the textural requirement of the IHL Board of Trustee's Policies & Bylaws, as well as the Faculty Handbook, each of which facially demonstrated that approval of outside employment was completely discretionary. *Id.* at pg. 13-14. The Faculty Handbook placed Plaintiff on notice that grant of promotion to a faculty member "is not guaranteed, and the decision ultimately rests within the sole discretion of the Board of Trustees." [Doc. 147] at pg. 17.   Thus, the policies Plaintiff attempted to rely upon, facially demonstrated there was no legitimate foundation for his claim of a protected property interest in his efforts to obtain a promotion, and the Court granted summary judgment as to Plaintiff's Section 1983 claims related to his promotion applications.   There was no due process violation supporting Plaintiff's purported constitutional violations concerning the handling of his grievances.   *Id.* at Page 27.   While the Court did find the potential for a due process violation with respect to the delay in consideration of Plaintiff's 2009 performance review, ultimately all of the individual defendants were granted summary judgment on that claim as none of the individual defendants with the exception of Whitehead were personally involved in the purported wrongful actions (requiring that the individual defendants with the exception of Whitehead be granted summary judgment on that basis) and defendant Whitehead was entitled to qualified immunity for such a claim, requiring that claim be dismissed as to Whitehead as well. *Id.* at 25, 27.   Plaintiff's Section 1983 claims for violation of his equal protection rights, was likewise dismissed, with the Court noting that "No reasonable person could conclude

6

that Ledford and Nored harbored discriminatory intent toward Christians because they investigated a student's complaints about Plaintiff's admitted attempts to evangelize his students." *Id.* at 29.

An Attorney's Fees Award to the Individual Defendants is Appropriate
Pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k)

Plaintiff's Section 1983 claims against the individual defendants were frivolous, unreasonable and without foundation, and the individual defendants are entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988 as prevailing parties.  Similarly, as Plaintiff's Title VII claims against the individual defendants were frivolous, unreasonable and without justification, this Court may award attorney's fees to the individual defendants pursuant to 42 U.S.C. § 2000e-5(k).   The United States Congress has determined that a court, in its discretion, may award reasonable attorneys' fees, including expert fees, under Title VII and under § 1988 to a prevailing party as part of its costs. *See* 42 U.S.C. § 2000e-5 (k); 42 U.S.C. § 1988(b); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416, 421-22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Entitlement to attorneys' fees by a prevailing party under Title VII is governed by the United States Code, which provides:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5 (k).

Similarly, § 1988(b) provides in relevant part:

7

400804

> In any action or proceeding to enforce ... [42 U.S.C. § 1983] ... the court, in its discretion, may allow the prevailing party ..., a reasonable attorney's fee as part of the costs.
> 42 U.S.C. § 1988(b).

Congress specifically drew the language of § 1988(b) from preexisting fee provisions like those in Title VII (*i.e.,* § 2000e-5(k)). Congress intended that the standards for awarding fees under § 1988 be the same as those under the fee provisions of the 1964 Civil Rights Act. Thus, courts interpret § 2000 e-5(k) and § 1988(b) in tandem when addressing the propriety of awarding attorney fees to a prevailing civil rights party.

While these fee-shifting provisions do not expressly define what constitutes a "prevailing party", the fact that in this case judgment was rendered in favor of the individual defendants as to all claims of Plaintiff unequivocally demonstrates that the individual defendants are prevailing parties for purposes of operation of these statutes. *See, e.g.*, *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (Where the Supreme Court defined a "prevailing party" for purposes of a fee-shifting statute as a "party in whose favor a judgment is rendered, regardless of the damages award."). The Supreme Court has developed two distinct standards-one for prevailing civil rights plaintiffs and another for prevailing civil rights defendants. Relying on Congress's intent to cast civil rights plaintiffs in the role of private attorneys general, and on the fact that attorneys' fee awards to prevailing plaintiffs are necessarily awarded against violators of federal law, the Supreme Court has held that a prevailing civil rights plaintiff should ordinarily recover his attorneys' fees unless special

circumstances would render such an award unjust. *Christiansburg,* 434 U.S. at 416. A far more rigorous standard applies to fee awards to prevailing defendants in civil rights cases. A prevailing defendant may recover its attorneys' fees only where it establishes that the plaintiffs' actions were frivolous, unreasonable, or without foundation, even though the action was not brought in subjective bad faith. *See Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2, (1983); *Christiansburg,* 434 U.S. at 421. A case is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." *Jones v. Texas Tech Univ.,* 656 F.2d 1137, 1145 (5th Cir.1981). The instant case is one that satisfies this more rigorous standard.

The Plaintiff's Title VII claims and Section 1983 claims against the individual defendants lacked arguable merit and were completely without foundation, as demonstrated by the Court's dismissal of all Title VII and Section 1983 claims against the individual defendants on summary judgment. Plaintiff was well aware of the deficiencies in his purported claims, chose to use a shotgun approach to pleading, and asserted claims under Section 1983 and Title VII against individual defendants that were entirely groundless and unsupported by either statute. There simply was no foundation for these claims against the individual defendants. Yet, Plaintiff vigorously opposed summary judgment, on all claims, as to all defendants. An award of attorneys fees in favor of the individual defendants pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k) is warranted in this case.

Mississippi Litigation Accountability Act

The Defendants affirmative placed the Plaintiff on Notice in their Answer and Defenses indicating the Defendants intention to seek relief pursuant to the Mississippi

Litigation Accountability Act, Miss. Code Ann. 11-55-5.  The claims of Plaintiff were

initially filed in state court, and subsequently removed to federal court. The Act

provides:

> [I]n any civil action commenced or appealed in any court of record
> in this state, the court shall award, as part of its judgment and in
> addition to any other costs otherwise assessed, reasonable
> attorney's fees and costs against any party or attorney if the court,
> upon the motion of any party or on its own motion, finds that an
> attorney or party brought an action, or asserted any claim or
> defense, that is without substantial justification, or that the action,
> or any claim or defense asserted, was interposed for delay or
> harassment, or if it finds that an attorney or party unnecessarily
> expanded the proceedings by other improper conduct including, but
> not limited to, abuse of discovery procedures available under the
> Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5(1).

In *Nelson v. Nationwide Mut. Ins. Co.*, the district court noted that "Without

substantial justification," means the action, claim, defense or appeal "is frivolous,

groundless in fact or in law, or vexatious, as determined by the court." 2012 WL

393242; No. 3:11-cv-223-DPJ-FKB (S.D. Miss. Feb. 6, 2012) (citing § 11–55–3).

"Frivolity is defined, for purposes of [the Act], just as it is for Rule 11 purposes: a claim

is frivolous only when, objectively speaking, the pleader or movant has no hope of

success." *Leaf River Forest Products, Inc. v. Deakle,* 661 So.2d 188, 197 (Miss.1995);

*see also Brown v DuPont,* 2010 WL 436603, at \*2 ; No. 3:09-CV-333-TSL-JCS (S.D.

Miss. Feb. 2, 2010).  In *Brown*, the district court awarded the defendant reasonable

attorneys fees and costs associated with the defense of the action brought by plaintiff

Brown for defamation and invasion of privacy. 2010 WL 436603, at \*2.  There, the

court noted that plaintiff had no hope of success since her complaint failed to allege the

elements of either defamation or invasion of privacy, and plaintiff ultimately came forward with no proof supporting the elements of the charged claims, and thus her claim was frivolous under Miss. Code Ann. 11-55-5 justifying an award of attorney fees to the defendant. *Id.* Similarly, in *Nelson*, the district court awarded attorneys fees to the defendants related to the plaintiff's intentional infliction of emotional distress and false imprisonment claims, due to the plaintiff's failure to present alleged facts in satisfaction of the elements of the tort claims. 2012 WL 393242. The court relied, at least in part, on the Mississippi Litigation Accountability Act to support its decision. *See id.*

The course of proceedings in this case demonstrate that Plaintiff's claims asserted against the individual defendants were frivolous, as interpreted under the Mississippi Act, since they had no hope of success. Plaintiff continued to pursue his claims against the individual defendants, even the state law claims for intentional infliction of emotional distress, and intentional misrepresentation, even when it was clear that plaintiff could present no facts that would satisfy the elements of each of those claims. *See* Transcript at Page 10 [Doc. 198-1] ("The Court finds that the proof has not been presented that would establish intentional misrepresentation by any of the defendants…"); *see also id.* at Page 8 (finding insufficient evidence offered supporting a claim of intentional infliction of emotional distress). Likewise demonstrating the frivolous nature of Plaintiff's claims, all other claims asserted against the individual defendants by Plaintiff had previously been involuntarily dismissed as a matter of law at the summary judgment stage.

400804

Based upon the course of conduct of the Plaintiff in this case, the failure to limit certain causes of action to specific defendants, and based upon the clear requirements of statutory law (*i.e.*, Title VII) it is clear the Plaintiff made little effort to determine the validity of the asserted claims prior to filing suit.  *See* Miss. Code Ann. § 11-55-7(a) and (i).  Once in litigation, and despite clear notice from the Defendants of their belief that Plaintiff's claims were frivolous (*see e.g.*, Answer [Doc. 5] at Page 11), Plaintiff made no effort to reduce the number of claims, dismiss clearly invalid claims, or in any way narrow the scope of the litigation and/or claims asserted against each defendant. *See* Miss. Code Ann. § 11-55-7(b) and (j).  The Plaintiff had sufficient facts to determine whether he was asserting valid causes of action, as all of the claims were personal in nature to him, and based in large part on his own personal knowledge. *See* Miss. Code Ann. § 11-55-7(c).  Ultimately, all of Plaintiff's claims failed, and there was no good faith attempt to establish "a new theory of law" (which would require admission that the claims failed under current law), and given the animosity of the Plaintiff directed toward the Defendants, there is evidence of some level of bad faith and improper purpose potentially motivating the Plaintiff's effort in this litigation.  *See* Miss. Code Ann. § 11-55-7(d), (f) and (h).  The instant case warrants the application of the Mississippi Litigation Accountability Act to support an award of attorney's fees to the individual defendants as prevailing parties in this matter.

Title 28 U.S.C. § 1927 is Applicable

A further basis for statutory authority to award the individual defendants attorneys fees as prevailing parties is found in 28 U.S.C. § 1927, which provides:

12

400804

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927

In order to justify an award of costs, expenses and attorneys' fees under § 1927, the party must demonstrate more than unintentional or careless actions of delay or duplication. "Proving that an attorney's behavior was both 'vexatious' and 'unreasonable' requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Edwards v. General Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998). Section 1927 authorizes shifting fees associated with the "persistent prosecution of a meritless claim." *Procter & Gamble v. Amway Corp.,* 280 F.3d 519, 525 (5th Cir. 2002). The individual defendants submit that Plaintiff's efforts to litigate his numerous meritless claims falls squarely within the conduct identified by Section 1927.

Plaintiff and his counsel asserted claims which they knew were frivolous, baseless, or otherwise were inapplicable against particular Defendants, or had no hope of success. Plaintiff personally signed the Complaint litigated in this Court in addition to his counsel. The Fifth Circuit has recognized that it is entirely appropriate to hold a litigant that is also a lawyer to a higher standard. *See Coane v. Ferrara Pan Candy Co.,* 898 F. 2d 1030, 1033-34 (5th Cir. 1990). After discovery and depositions, it became obvious that Plaintiff's claims and subjective beliefs could not be substantiated. But, Plaintiff and his counsel continued to prosecute his claims with vigor. Throughout the

400804

course of litigation, Plaintiff and his counsel multiplied the proceedings, and ultimately forced the individual defendants to appear in court for five (5) days of testimony, to hear everything Plaintiff could posit.  Ultimately, Plaintiff demonstrated to the Court that he simply could not support any of the causes of action he alleged in his Complaint.  The efforts of Plaintiff were vexatious to the individual defendants and others necessarily dragged into the judicial process by his efforts.  Section 1927 is an appropriate authority for use in such circumstances.

WHEREFORE, the individual defendants respectfully request this Honorable Court award the individual defendants their reasonable attorneys fees incurred in this action as the prevailing parties pursuant to Fed. R. Civ. P. Rule 54(d)(2) based upon the statutory authority of 42 U.S.C §2000e-5(k), 42 U.S.C. § 1988, the Mississippi Litigation Accountability Act Miss. Code Ann. § 11-55-5, and 28 U.S.C. § 1927, and all such other and further relief this Court deems just and proper.

THIS, the 3rd day of June, 2014.

Respectfully submitted,

DR. LISA NORED, Individually and Officially,
DR. JOE WHITEHEAD, Individually and Officially,
DR. DALE LEDFORD, Individually and Officially,
DR. REX GANDY, Individually and Officially,
*Defendants*

By:    */s/ Kris A. Powell*
        HERMAN M. HOLLENSED, JR.  MSB #2528
        KRIS A. POWELL, MSB # 101458

14

OF COUNSEL:
Herman M. Hollensed, Jr., MSB #2528
Kris A. Powell, MSB #101458
BRYAN NELSON P.A.
Post Office Drawer 18109
Hattiesburg, Mississippi 39404-8109
Telephone:   (601) 261-4100
Facsimile:   (601) 261-4106
hhollensed@bnlawfirm.com
kpowell@bnlawfirm.com

## CERTIFICATE OF SERVICE

I, undersigned counsel for Defendants, hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Kim T. Chaze, Esq.
kchaze@comcast.net

Donald Dornan
ddornan@dornan-law.com

DATED:  June 3, 2014

/s/ Kris A. Powell
Of Counsel

400804