IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS PAYNE**                                                      **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:12-CV-41-KS-MTP**

**THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion [205] to alter or amend the judgment.

### I. BACKGROUND

The Court provided the factual background of this case in a Memorandum Opinion and Order [147] entered on February 21, 2014. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052 (S.D. Miss. Feb. 21, 2014). On May 12-16, 2014, the Court presided over the jury trial in this matter. On May 16, 2014, after the close of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law pursuant to Rule 50(a). The Court granted the motion in a bench ruling and entered a Final Judgment [195] in Defendants' favor. On June 16, 2014, Plaintiff filed a Motion [205] to alter or amend the Final Judgment, which the Court now considers.

### II. STANDARD OF REVIEW

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "[S]uch a motion is not the proper

vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* It is "an extraordinary remedy that should be used sparingly." *Id.* "[A]mending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma., Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). Plaintiff's Motion [205] is limited to the third option: manifest errors of law and fact.

### III. DISCUSSION

Plaintiff argues that they Court, in granting Defendants' motion for judgment as a matter of law, committed errors of law and fact. First, Plaintiff argues that the Court applied the incorrect causation standard to his Title VII retaliation claim. Second, Plaintiff argues that he presented sufficient evidence during his case-in-chief to survive Defendants' motion for judgment as a matter of law.

### A.    *Causation Standard Applicable to Title VII Retaliation*

To prove a Title VII retaliation claim at trial, a plaintiff must prove that he would not have been subjected to the adverse action but for his protected activity. *Vadie v. Miss. State Univ.*, 218 F.3d 365, 374 (5th Cir. 2000); *see also Ellerbrook v. City of Lubbock*, 465 F. App'x 324, 330-31 (5th Cir. 2012) (at trial, "the ultimate determination is whether, but for the protected conduct, the employer would not have engaged in the adverse employment action."). The basis of the Court's ruling was that

Plaintiff provided insufficient evidence of a causal link between his protected activity and Defendants' adverse action. In other words, the Court held that Plaintiff failed to prove that Defendant's actions were, in fact, retaliatory.

Plaintiff argues that the Court committed a legal error by relying on the causation standard from *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), an ADEA discrimination case.[1] The Court relied upon the Supreme Court's discussion of the burden of proof regarding causation in pretext cases:

> Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.
>
> This is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For

---

[1] Plaintiff also argued at length that the scope of actionable conduct is broader in retaliation claims than in discrimination claims. However, the Court's decision was premised solely upon Plaintiff's failure to present sufficient evidence of a causal link between his protected activity and the adverse action.

>instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred. To hold otherwise would be effectively to insulate an entire category of employment discrimination cases from review under Rule 50, and we have reiterated that trial courts should not treat discrimination differently from other ultimate questions of fact.

*Id.* at 147-49 (citations and punctuation omitted). Relying on this language, the Court concluded that Plaintiff had presented insufficient evidence to support a jury's finding that 1) there was a causal link between Plaintiff's protected activity and Defendants' adverse actions; and 2) Defendants' proffered explanations for the adverse actions were pretext for retaliation.

In *Reeves*, the Supreme Court addressed "the kind and amount of evidence necessary to sustain a jury's verdict that an employer unlawfully discriminated on the basis of age" under the ADEA. *Id.* at 137. "[T]he ADEA requires proof that the prohibited criterion was the but-for cause of the prohibited conduct." *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523, 186 L. Ed. 2d 503 (2013). Similarly, "a plaintiff making a retaliation claim under [Title VII] must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Nassar*, 133 S. Ct. at 2534; *see also Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). Therefore, the two claims – ADEA discrimination and Title VII retaliation – have the same causation standard. In fact, the Fifth Circuit has relied

on *Reeves* when addressing causation issues in Title VII retaliation cases.[2] Accordingly, the Court concludes that it did not err in relying on *Reeves*. Alternatively, if the Court's reliance on *Reeves* was in error, the error was harmless.

## B.     *Evidence-Based Arguments*

Plaintiff also argues that he presented sufficient evidence to survive Defendants' motion for judgment as a matter of law. When addressing a Rule 50(a) motion for judgment as a matter of law, the Court must "view all of the evidence in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Delano-Pyle v. Vict. County*, 302 F.3d 567, 572 (5th Cir. 2002). The Court "may not grant a Rule 50(a) motion unless a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.*

Plaintiff refers to a variety of evidence purportedly admitted at trial, including live testimony and documents. However, he failed to provide the Court with a trial record in support of his arguments. In support of his motion, Plaintiff provided the following exhibits: 1) a transcript of a hearing on February 25, 2014 [205-1]; 2) his response to the USM Defendants' motion for summary judgment [205-2]; 3) his response to the individual Defendants' motion for summary judgment [205-3]; 4) a counter-affidavit he presented in response to Defendants' motions for summary

---

[2]*See, e.g. Mauder v. Metro. Transit Auth. of Harris County*, 446 F.3d 574, 583 (5th Cir. 2006); *Hague v. Univ. of Tex. Health Sci. Ctr.*, 560 F. App'x 328, 336 (5th Cir. 2014); *Ellerbrook*, 465 F. App'x at 331; *Johnson v. TCB Constr. Co.*, 334 F. App'x 666, 672 (5th Cir. 2009).

judgment [205-4] that was not admitted at trial; and 5) a transcript of the Court's bench ruling on Defendants' motion for judgment as a matter of law [205-5]. Only one of these exhibits – the transcript of the Court's bench ruling – is relevant to Plaintiff's motion, and none of Plaintiff's exhibits contain any of the evidence admitted at trial.

Plaintiff did not provide the Court with transcripts of the testimony. He did not provide copies of the exhibits. He did not cite to specific record testimony. He did not cite to the trial exhibits by number and proponent. Instead, Plaintiff cited an affidavit that was presented in response to Defendants' motions for summary judgment but was not admitted at trial. Plaintiff apparently expects the Court to either accept his bare representations of what was admitted into evidence without any supporting record, or to wade into the record without any guidance. The Court declines to do so. In fact, the Court is *unable* to do so insofar as neither party has obtained a trial transcript.

In summary, Plaintiff presented the Court with a motion and brief generally arguing that he satisfied his evidentiary burden at trial, but he wholly failed to address the specific evidence admitted at trial. Moreover, Plaintiff extensively cited evidence *that was not admitted at trial*. Rule 50(a) motions are necessarily fact-intensive. The Court is required to consider all of the evidence in the light most favorable to the non-movant and determine whether he carried his burden. *Id.* Plaintiff's motion is largely unconnected to the actual evidence from trial, and he failed to cite the actual trial record. Therefore, the Court concludes that he has not provided the Court with any reason to amend the Final Judgment.

The Court further notes that a Rule 59(e) "motion is not the proper vehicle for

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478. Plaintiff's motion should likewise be denied on those grounds.

## IV. CONCLUSION

For the reasons provided above, the Court **denies** Plaintiff's Motion [205] to alter or amend the judgment.

SO ORDERED AND ADJUDGED this 27th day of March, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE