IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS PAYNE                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 1:12-CV-41-KS-MTP

THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.                                             DEFENDANTS


## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motions [198, 200] for attorney's fees.

## I. BACKGROUND

The Court provided the factual background of this case in a Memorandum Opinion and Order [147] entered on February 21, 2014. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052 (S.D. Miss. Feb. 21, 2014). On May 12-16, 2014, the Court presided over the jury trial in this matter. On May 16, 2014, after the close of Plaintiff's case-in-chief, Defendants made a motion for judgment as a matter of law under Rule 50. The Court granted the motion in a bench ruling and entered a Final Judgment [195] in Defendants' favor. On June 3, 2014, Defendants filed Motions for Attorney Fees [198, 200], which the Court now considers.

## II. DEFENDANTS GANDY, LEDFORD, NORED, AND WHITEHEAD [200]

### A.    *Title VII*

"In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a

reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k). Under Title VII, "a successful defendant can only recover . . fees if the plaintiff's action was frivolous, unreasonable, or without foundation." *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 349 (5th Cir. 2013). Plaintiff does not dispute that Defendants were the prevailing parties.

"Title VII does not impose liability on individuals unless they are 'employers.'" *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Neither Gandy, Ledford, Nored, nor Whitehead were Plaintiff's employer. Therefore, they could not be sued under Title VII, and "[t]hat fact was obvious from the outset." *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013). Accordingly, Plaintiff's Title VII claims against them were frivolous, and they may recover attorney's fees for the defense of those claims. *Id.* (where plaintiff sued individual who was not his employer, district court correctly determined that Title VII claim was frivolous).

## B.   *Section 1988*

In Section 1983 cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). Plaintiff does not dispute that Defendants were the prevailing parties. "[P]revailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). "When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial."

2

*Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). Ultimately, the Court "must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008).

     1.    *Notice of Non-Renewal*

Some of Plaintiff's Section 1983 claims were premised upon his alleged termination, but Plaintiff was not terminated. As the Court noted in its Memorandum Opinion and Order [147] addressing Defendants' dispositive motions, Plaintiff's department and program was scheduled to be discontinued, but the decision was later rescinded. Plaintiff never experienced a break in employment until he resigned in December 2012. Regardless, Plaintiff repeatedly misrepresented to the Court that he was terminated, including in his initial Complaint. Therefore, the Court finds that all Section 1983 claims arising from the rescinded notice of non-renewal sent to Plaintiff in August 2010 were frivolous and wholly without foundation from the start of this litigation, and Defendants are entitled to fees for their defense of those claims.

     2.    *Equal Protection*

In his Complaint, Plaintiff alleged that Defendants "chastised" him "because [he] believed in praying and would pray for students or words to that effect." In briefing on Defendants' motions for summary judgment, Plaintiff argued that Defendants violated his constitutional right to equal protection under the law by treating him differently than other professors because of his religious beliefs. Plaintiff failed, however, to provide any evidence whatsoever that Defendants' actions were because of his religion.

3

His equal protection claim was based on nothing but speculation and conjecture. Therefore, the Court finds that it was frivolous and wholly without foundation from the start of this litigation, and Defendants are entitled to fees for their defense of that claim.

### 3.    All Other § 1983 Claims

The Court denies Defendants' fee request with respect to fees incurred in defense of Plaintiff's remaining Section 1983 claims.

## C.    *Mississippi Litigation Accountability Act*

Mississippi's Litigation Accountability Act provides:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that any attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

MISS. CODE ANN. § 11-55-5(1). A claim is "without substantial justification" if "it is frivolous, groundless in fact or in law, or vexatious, as determined by the court." MISS. CODE ANN. § 11-55-3(a). "[A] claim is frivolous only when, objectively speaking, the pleader or movant has no hope of success." *McBride v. Meridian Pub. Improvement Corp.*, 730 So. 2d 548, 554 (Miss. 1998) (punctuation omitted). "Though a case may be weak or light-headed, that is not sufficient to label it frivolous." *Id.* (punctuation omitted). Likewise, the statute's standard for "harassment or delay . . . generally can

4

not be met where a plaintiff has a viable claim," and "the fact that a case is weak is not sufficient to find that it was brought to harass." *Leaf River Forest Prods. v. Deakle*, 661 So. 2d 188, 197 (Miss. 1995).

When determining whether to assess attorney's fees under the Act, the Court must consider the following factors, among others:

(a)     The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time remaining within which the claim or defense could be filed;

(b)     The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;

(c)     The availability of facts to assist in determining the validity of an action, claim or defense;

(d)     Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;

(e)     Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;

(f)     The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy;

(g)     The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;

(h)     The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;

(i)     The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;

(j)    The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and

(k)    The period of time available to the attorney for the party asserting any defense before such defense was interposed.

MISS. CODE ANN. § 11-55-7.

    1.    *Breach of Contract*

Plaintiff asserted a breach of contract claim against all Defendants arising from his employment contract. However, it is undisputed that the individual Defendants were never parties to Plaintiff's employment contract. Furthermore, "only the intentional torts listed in the MTCA preclude an individual's claim of immunity." *DePree v. Saunders*, 588 F.2d 282, 290-91 (5th Cir. 2009). Therefore, after consideration of the factors listed above, the Court concludes that Plaintiff's breach of contract claim against the individual Defendants was frivolous, and Defendants may recover fees for their defense against it.

    2.    *Negligence-Based Claims*

Likewise, the individual Defendants enjoy sovereign immunity from liability for negligence-based claims – such as Plaintiff's claims for negligence, negligent infliction of emotional distress, and negligent misrepresentation. *See* MISS. CODE ANN. § 11-46-7(2); *Kermode v. Univ. of Miss. Med. Ctr.*, No. 3:09-CV-584-DPJ-FKB, 2010 U.S. Dist. LEXIS 82475, at *16 (S.D. Miss. July 2, 2010). After consideration of the factors listed above, the Court concludes that those claims were frivolous, and Defendants may recover fees for their defense against them.

    3.    *All Other State Law Claims*

6

The Court denies Defendants' fee request with respect to fees incurred in defense of the remaining state law claims asserted by Plaintiff.

**D.    *28 U.S.C. § 1927***

"Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An award of attorneys' fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). When considering a fee request under Section 1927, the Court "must make detailed factual findings." *Id.* Specifically, the Court must "(1) identify the sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Id.* at 872. "[P]unishment under § 1927 is sparingly applied." *Id.* Section 1927's sanctions are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Id.* They should be levied "only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing a client be dampened." *Id.* (punctuation omitted).

In this case, the Court believes that Section 1927 sanctions are an appropriate punishment for Plaintiff's counsel's "shotgun approach to pleadings," in which he

7

"heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986). This Court has repeatedly warned attorneys against such pleading practices. *See Ducksworth v. Rook*, No. 2:14-CV-146-KS-MTP, 2015 U.S. Dist. LEXIS 20563, at *14-*16 (S.D. Miss. Feb. 20, 2015); *Payne*, 2014 U.S. Dist. LEXIS 22052 at *5 n. 3; *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005); *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *5 n. 1 (S.D. Miss. Sept. 25, 2013); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 24420, at *27 (S.D. Miss. Feb. 27, 2012). In fact, the Court previously warned Plaintiff's counsel against shotgun pleading. *See Salcido v. Univ. of S. Miss.*, No. 2:11-CV-173-KS-MTP, 2012 U.S. Dist. LEXIS 25136, at *15 (S.D. Miss. Feb. 28, 2012).

The Eleventh Circuit astutely described the problems that "shotgun pleading" causes:

> If the trial judge does not quickly demand repleader, all is lost – extended and aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happens frequently. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.

*Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (punctuation, internal citations omitted). The Fifth Circuit has observed that

"shotgun pleading" of this sort treads dangerously close to Rule 11 territory. *McMullan*, 801 F.2d at 788 ("If Rule 11 is to mean anything and we think it does, it must mean an end to such expeditionary pleadings."); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-28 (11th Cir. 2014) (decrying shotgun pleading and the "discovery goat rodeo" that inevitably follows it).

Vague, imprecise "shotgun" pleading clouds the legal and factual issues in a case. At best, it indicates an attorney's failure to fully analyze the case and adopt a coherent defense or theory of liability. At worst, it constitutes intentional obfuscation. Regardless of the attorney's motivation, it escalates the cost of litigation for both the parties and the Court, requiring voluminous discovery and motions to pinpoint the specific issues for trial – a task that Rule 11 requires attorneys to perform, to some degree, before they file a pleading. *See* FED. R. CIV. P. 11(b)(2).

Plaintiff's failure to clearly delineate his causes of action and theories of recovery directly impacted Defendants' ability to respond to the suit and the Court's ability to efficiently administer justice. For example, in briefing on Defendants' motions for summary judgment, Plaintiff presented argument regarding claims which he never asserted in a pleading. The Court declined to address those purported "claims" because they were not properly before the Court. *See Payne*, 2014 U.S. Dist. LEXIS 22052 at *7 (citing *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.")). Specifically, he presented argument on a Section 1983 claim for violation of his right to the free exercise of

religion, a Title VII discrimination claim, and claims of constructive discharge under both Section 1983 and Title VII. Despite his failure to plead these claims, Plaintiff argued them in response to Defendants' motions for summary judgment, forcing the Court to address them in its opinion.

Plaintiff's Complaint was littered with allusions to undeveloped theories of liability, factual allegations unconnected to a specific theory of recovery, and general allegations against all Defendants without regard to their individual actions. The Court was forced to conduct a hearing after it had addressed Defendants' motions for summary judgment to determine which claims were left for trial, the specific Defendants against whom each claim was advanced, and the specific factual allegations underlying each claim. In other words, Plaintiff's pleading and briefing was so imprecise, scattered, and incoherent that it was impossible for the Court determine what was left for trial.

Plaintiff accuses Defendants of "compartmentalizing" his claims and inappropriately parsing each alleged adverse action into a separate claim. He claims that this case has always been "dominated by the issue of retaliation," that the retaliation claim has always been his "predominant, core complaint." In other words, Plaintiff now argues that this case was only about one continuing course of retaliation by multiple Defendants through multiple actions, despite previously pleading, briefing, and arguing it as if it encompassed multiple grounds for relief arising from multiple discrete actions. The Court need look no further than Plaintiff's Complaint and briefing on Defendants' motions for summary judgment to conclude that this argument is

disingenuous and absurd. In the Complaint, Plaintiff included references to Title VII retaliation, Title VII hostile work environment, First Amendment retaliation, Section 1981, Section 1983, procedural due process, substantive due process, equal protection, negligence, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, and misrepresentation. In response to Defendants' motions for summary judgment, he argued in support of each of these theories of recovery – plus additional ones that he did not plead.

The Court concludes that Plaintiff's counsel's shotgun pleading and argument have vexatiously multiplied the proceedings. Indeed, if this case has always been about retaliation alone – as Plaintiff argues here – then the multiplication of the proceedings is apparent on the face of the Complaint and Plaintiff's response to Defendants' motions for summary judgment. Defendants are entitled to the fees they incurred as a result of Plaintiff's counsel's shotgun pleading and argumentation, payable by Plaintiff's counsel. *See McMullan*, 801 F.2d at 788-89; *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292 (5th Cir. 1983) (". . . the irresponsible *manner* in which the litigation was conducted further multiplied these needless proceedings" and justified award of fees against plaintiff's counsel under Section 1927); *Givens v. Delta Electric Power Assoc.*, 699 F. Supp. 91, 94 (N.D. Miss. 1988).

### III. DEFENDANTS USM, SAUNDERS, AND LYMAN

A.    *Title VII*

1.    *Saunders and Lyman*

As noted above, "Title VII does not impose liability on individuals unless they

11

are 'employers.'" *Grant*, 21 F.3d at 653. It is undisputed that Saunders and Lyman were not Plaintiff's employers. Therefore, they could not be sued under Title VII, and "[t]hat fact was obvious from the outset." *Provensal*, 524 F. App'x at 977. Accordingly, Plaintiff's Title VII claims against Defendants Saunders and Lyman were frivolous, and they may recover attorney's fees for the defense of those claims. *Id.* (where plaintiff sued individual who was not his employer, district court correctly determined that Title VII claim was frivolous).

### 2.    *Notice of Non-Renewal*

As noted above, Plaintiff repeatedly misrepresented to the Court that he was terminated, including in his initial Complaint. Therefore, the Court finds that any Title VII claim against the University arising from the rescinded notice of non-renewal sent to Plaintiff in August 2010 was frivolous and wholly without foundation from the start of this litigation, and the University is entitled to fees for its defense of that claim.

### 3.    *Other Title VII Claim*

The Court denies the University's Motion [198] for fees with respect to any other Title VII claims asserted against it.

### B.    **Section 1988**

For the same reasons provided above, the Court grants the University Defendants' Motion [198] for fees with respect to any fees incurred to defend against Plaintiff's Section 1983 claims arising from the rescinded notice of non-renewal and Defendants alleged violation of his equal protection rights. The Court denies the fee

request with respect to Plaintiff's other Section 1983 claims.

**C.    *Mississippi Litigation Accountability Act***

For the same reasons provided above, the Court grants the University Defendants' Motion [198] for fees with respect to any fees incurred by Defendants Lyman and Saunders to defend against Plaintiff's breach of contract claim. The Court likewise grants the University Defendants' Motion [198] for fees as to any fees incurred by Defendants to defend against Plaintiff's negligence-based claims – such as his claims for negligence, negligent infliction of emotional distress, and negligent misrepresentation. The Court denies the fee request with respect to any remaining state law claims.

**D.    *Section 1927***

Finally, the Court grants the University Defendants' Motion [198] for fees pursuant to 28 U.S.C. § 1927, for the same reasons provided above. The University Defendants are entitled to the fees they incurred as a result of Plaintiff's counsel's shotgun pleading and argumentation.

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** the Motions [198, 200] for attorney's fees filed by Defendants. The fees awarded under 28 U.S.C. § 1927 shall be paid by Plaintiff's counsel, while the fees awarded under 42 U.S.C. 2000-e5(k), 42 U.S.C. § 1988(b), and MISS. CODE ANN. 11-55-5(1) shall be paid by Plaintiff.

Within fourteen days of the entry of this opinion, Defendants shall file briefs in

which they request a specific amount of fees, supported by proper accounting and documentation, and in accordance with the Court's broad rulings above. Fourteen days after Defendants file their briefs and accounting, Plaintiff and his counsel may file a response. Seven days after the response, Defendants may file a reply.

SO ORDERED AND ADJUDGED this 31st day of March, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE