IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. THOMAS PAYNE                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO.: 1:12cv41-KS-MTP

THE UNIVERSITY OF SOUTHERN MISSISSIPPI,
DR. MARTHA SAUNDERS, Individually and Officially,
DR. LISA NORED, Individually and Officially, DR.
ROBERT LYMAN, Individually and Officially, DR. JOE
WHITEHEAD, Individually and Officially, DR. DALE
LEDFORD, Individually and Officially Dr. REX GANDY
Individually and Officially                                                                            DEFENDANTS

## USM DEFENDANTS' MEMORANDUM BRIEF SUPPORTING APPLICATION FOR AWARD OF ATTORNEYS' FEES

### INTRODUCTION

The USM Defendants have closely read the Court's order awarding attorneys' fees [Doc. 227] and have gone to great lengths to request only the fees reasonably and necessarily incurred in defending against Plaintiff's frivolous claims or those recoverable under 28 U.S.C. § 1927. The Defendants have excluded routine time entries and billings that do not fall within the parameters set by the Court or by Fifth Circuit precedent. Following this painstaking process, the USM Defendants seek an award of attorneys' fees of **$93,226.85**. Of this amount, the USM Defendants submit that **$70,234.35** should be paid by the Plaintiff and **$22,992.50** should be paid by Plaintiff's counsel. As demonstrated herein, this figure is the result of the fastidious application of the lodestar method and is properly supported by contemporaneous time records and supporting affidavit and declaration. The USM Defendants believe the requested fees are reasonable and seek recovery along with post-judgment interest.

**FACTUAL BACKGROUND**

Plaintiff filed his Complaint on December 2, 2011 and alleged a wide variety of claims against all individual Defendants in their official and individual capacities and against USM.

Plaintiff asserted the following claims against all Defendants:

(1)   42 U.S.C. § 1983 Procedural Due Process - Non-Renewal of contract;
(2)   42 U.S.C. § 1983 Procedural Due Process - Outside employment;
(3)   42 U.S.C. § 1983 Procedural Due Process - Promotion;
(4)   42 U.S.C. § 1983 Procedural Due Process - Evaluations;
(5)   42 U.S.C. § 1983 Procedural Due Process - Grievances;
(6)   42 U.S.C. § 1983 Substantive Due Process;
(7)   42 U.S.C. § 1983 Equal Protection Clause;
(8)   42 U.S.C. § 1983 1st Amendment Retaliation;
(9)   42 U.S.C. § 1983 1st Amendment Right to Association;
(10)  Title VII Claims Against Individuals;
(11)  Title VII Retaliation - Outside employment;
(12)  Title VII Retaliation - 2008 evaluation;
(13)  Title VII Retaliation - Non-renewal of contract;
(14)  Title VII Hostile Work Environment;
(15)  Breach of Contract;
(16)  Negligence;
(17)  Negligent Misrepresentation;
(18)  Fraudulent Misrepresentation;
(19)  Negligent Infliction of Emotional Distress; and
(20)  Intentional Infliction of Emotional Distress.

The majority of Plaintiff's claims were dismissed on summary judgment on February 21, 2014. [Doc. 147]  The remaining claims were dismissed by the Court following Defendants' Rule 50 motion at trial.  As to each of Plaintiff's claims, the Court determined that there were no triable issues for a jury to consider and that no rational juror could find for the Plaintiff.

Following the dismissal of Plaintiff's claims by the Court, all Defendants moved for attorneys' fees under the relevant statutory provisions, including 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) and 28 U.S.C. § 1927.  The Court agreed with the USM Defendants, in part, and found the following eight claims to be baseless [Doc. 227]:

      (1)      42 U.S.C. § 1983 Procedural Due Process - Non - Renewal of contract;
      (2)      42 U.S.C. § 1983 Equal Protection Clause;
      (3)      Title VII Claims Against Individuals;
      (4)      Title VII Retaliation - Non-renewal of contract;
      (5)      Breach of Contract;
      (6)      Negligence;
      (7)      Negligent Misrepresentation; and
      (8)      Negligent Infliction of Emotional Distress.

Pursuant to the Court's order, the USM Defendants now submit proof of the reasonable attorneys' fees incurred defending against the frivolous claims and those incurred by virtue of Plaintiff's counsel's vexatious conduct. The USM Defendants have reviewed all contemporaneous time records made by the lawyers and paralegals and have made reasonable efforts to narrowly tailor this fee request to the time expending in defending the frivolous claims.

## APPLICABLE LAW

The majority of the claims determined to be frivolous are governed by federal law. However, the Mississippi and federal standards for determining the amount of reasonable attorneys' fees are similar.

Once a court has determined that a movant is entitled to attorney's fees, then it must determine the amount, which is subject to the Court's discretion. *Hopwood v. Texas,* 236 F.3d 256, 277 (5th Cir. 2000). To decide an appropriate attorney's fee award, the district court should first calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Rutherford v. Harris County,* 197 F.3d 173, 192 (5th Cir. 1999). The resulting figure provides an objective basis upon which to make an initial assessment of the value of a lawyer's services. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The lodestar method yields a fee that is presumptively sufficient to achieve the objective of providing

a reasonable fee, and the presumption is a "strong one." *Perdue v. Kenny A.,* 559 U.S. 542, 552 (2010).

Second, the court considers whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after applying the *Johnson* factors. *Id.* The familiar *Johnson* factors are:

> (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

The Fifth Circuit has singled out the time and labor involved, the customary fee, the amount involved and the results obtained and the experience, reputation, and ability of counsel as the most important. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). Further, the Supreme Court has held that the most critical factor for a fee award in a civil rights case is the degree of success obtained. *Id.*

Similarly, Rule 1.5 of the Mississippi Rules of Professional Conduct sets out a nearly identical list of factors to be used to determine the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3)  the fee customarily charged in the locality for similar legal services;
>
> (4)  the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;

4

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing services; and

(8) whether the fee is fixed or contingent.

The Mississippi Supreme Court has adopted twelve *Johnson* factors for determining the reasonableness of fees. *McKee v. McKee,* 418 So.2d 764, 767 (Miss. 1982); *Tupelo Redevelopment Agency v. Gray Corp., Inc.,* 972 So.2d 495, 520-21 (Miss. 2007). The *McKee* court added a ninth factor to be considered, "the relative financial ability of the parties." *Id.* at 767

Additionally, the Fifth Circuit has held that parties must present competent evidence by which to allocate its legal fees among successful and unsuccessful claims. *Wal-Mart Stores, Inc. v. Qore, Inc.,* 647 F.3d 237, 245-46 (5th Cir. 2011).

## **LODESTAR ANALYSIS**

In support of its request, the USM Defendants have submitted an itemized breakdown of the time spent defending against the frivolous claims. See Exhibit "A." The Defendants have also submitted the affidavit of Donald C. Dornan, Jr. explaining the experience and hourly rates of the attorneys and paralegals who worked on this case, the separation or proration of the time on the discrimination claims and showing that the rates are fair and reasonable for this jurisdiction. See Exhibit "B." Finally, the USM Defendants have submitted the declaration of an experienced practicing attorney, Wynn E. Clark, further verifying that the time and rates requested by these Defendants are reasonable. See Exhibit "C."

### A. Hours Reasonably Expended Defending Frivolous Claims

Plaintiff's Complaint asserted 20 distinct claims against all Defendants. As detailed *supra*, the Court determined that 8, or 40%, of these claims were sufficiently frivolous and vexatious to meet the statutory requirements for an award of attorneys' fees. In general, the defense, investigation and discovery strategy of the Defendants was not undertaken on a claim by claim basis. Instead, all claims were defended by counsel in a comprehensive fashion. As a result, many of the activities delineated in the itemized time entries were performed in defense of all claims, not just those discredited by the Court.

In order to account for the work done to defend against non-frivolous claims, the USM Defendants submit that 40% of the generally described time is recoverable. This 60% reduction is a reasonable approximation of the actual time spent defending against the frivolous claims.

Further, in the itemized billing statements, there are time entries that are more specific. For example, there are many entries that indicate an attorney drafted a portion of the motion for summary judgment brief addressing procedural due process claims. As indicated above, the Plaintiff asserted five Procedural Due Process Claims but the Court only found one, the claim for non-renewal of Plaintiff's contract, to be frivolous. Accordingly, the USM Defendants only request 20% (1/5) of the total time billed addressing those claims. The USM Defendants have made multiple similar adjustments in order to accurately reflect the proportionate time spent defending against the frivolous claims. The adjustments and basis for each are set forth in the explanation section of the itemized time table attached as Exhibit "A." These adjustments fully comply with the guidelines set forth by the Fifth Circuit in *Wal-Mart*.

Based on the nature of the claims, it was necessary for the USM Defendants to obtain expert witnesses. The Court did not address the USM Defendants' claim for an award of

expenses in addition to attorneys' fees. Accordingly, no expert related expenses have been requested. However, time spent by the attorneys developing expert testimony is included in the fees requested. Just as in other entries, the Defendants have made efforts to limit the requested fees to address only the claims determined to be frivolous.

In order to address the claims of termination, retaliation, religious discrimination and other academia related issues, the USM Defendants engaged an expert in higher education administration, Dr. Barbara Lee of Princeton, New Jersey. Her report is included in the USM Defendants' Designation of Experts. See Exhibit "D," USM Defendants' Designation of Experts. Dr. Lee's report addressed eleven of Plaintiff's claims including procedural due process regarding non-renewal, outside employment, promotion, evaluations and grievances, First Amendment claims of retaliation and right to association, Title VII retaliation claims regarding outside employment, evaluation, and non-renewal of contract and the Title VII hostile work environment claim. Of the claims addressed, the Court found two (those involving non-renewal) to be frivolous. Accordingly, the USM Defendants have requested only 18% (2/11) of the time spent in connection with Dr. Lee.

In discovery, Plaintiff disclosed Dr. Julie Teater, a psychologist, as his treating physician to support his claims of intentional and negligent infliction of emotional distress. In response, the USM Defendants retained Dr. Mark Webb, a psychiatrist, as an expert to address Plaintiff's treatment for depression and other related conditions allegedly related to the actions of the Defendants. The Court later determined that Plaintiff's negligent infliction of emotional distress claim to be baseless. Accordingly, the USM Defendants are claiming 50% (1/2) of the time spent in connection with Dr. Webb as recoverable.

The USM Defendants were previously awarded attorneys' fees by the Court in connection with their Motion to Enforce. [60, 81]   The Court awarded $762.50 which represented five hours expended in connection with a motion to enforce the Magistrate Judge's discovery order.  [Doc. 88]  Because these fees have already been recovered, the time related to the filing of the motion to enforce has been excluded from this fee request.

In addition, the USM Defendants have excluded entries for routine scheduling matters, deadline extensions, reports to clients, routine communications with counsel and time expended developing background information about the Plaintiff.  The following table shows the total time spent defending the entire case and the hours for which fees are now sought:

| Timekeeper | Total Hours Billed | Total Hours Claimed[1] | Total Hours Not Claimed |
|---|---|---|---|
| Donald C. Dornan, Jr. | 561.60 | 274.85 | 259.85 |
| Lauren R. Hillery | 693.90 | 419.90 | 232.90 |
| Ta C. McLaurin | 184.20 | 52.60 | 125.60 |

In determining the number of hours reasonably expended on a case, the Court may take into account whether attorneys exercised "billing judgment." *Illinois Central Railroad Co. v. Harried,* 5:06cv160-DCB-JMR, 2011 U.S. Dist. LEXIS 9984, 2011 WL 283925 at *32 (S.D. Miss. Jan. 25, 2011) (citing *Walker v. HUD,* 99 F.3d 761, 769 (5th Cir. 1996).  Billing judgment is usually shown by the attorney writing off unproductive, excessive or redundant hours.  *Id.*    In this case, the attorney labor was divided between Ms. Hillery and Mr. Dornan in order to prevent any unnecessary duplication of efforts.  The USM Defendants submit that the time records

---

[1] The total hours claimed figure is prior to proportionate reduction to account for frivolous claims only.

8

reflect a reasonable number of hours spent defending against Plaintiff's frivolous claims and that the exclusions and reductions explained above satisfy any billing judgment inquiry.

Finally, the USM Defendants also seek to recover fees representing the time spent preparing the initial motion for attorneys' fees [Docs. 198, 199, 225] and the instant pleadings submitted to prove the amount of reasonable attorneys' fees incurred. "It is settled that a prevailing [party] is entitled to attorneys' fees for the effort entailed in litigating a fee claim and securing compensation." *Cruz v. Hauck,* 762 F.2d 1230, 1233 (5th Cir. 1985). Fee applications do not typically involve novel or complex legal issues. As is par for the course, this case is not typical in that the requests for attorneys' fees were made under four separate statutory provisions: 42 U.S.C. § 1988(b), 42 U.S.C. § 2-e-5(k), Miss. Code Ann. § 11-55-5, and 28 U.S.C. § 1927. Once the Court granted, in part, the motion for attorneys' fees, the USM Defendants spent a significant amount of time analyzing the time records for the entirety of the litigation and allocating the time entries to the claims identified by the Court as recoverable. These itemized time records are included in Exhibit "A" and explained fully therein. In total, the USM Defendants have expended 30 hours preparing the initial motion for attorneys' fees and an additional 70 hours preparing the instant application, brief and supporting exhibits.

**B.     Reasonable Hourly Rates**

In determining the lodestar, "reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Industries, Inc.,* 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). "The burden is on the applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum,* 465 U.S. at 896, n. 11).

9

Donald C. Dornan, Jr. was lead counsel for the USM Defendants. He has over 38 years of experience in the area of civil litigation, including complex federal litigation and trial practice. As demonstrated by Mr. Dornan's affidavit and the declaration of local attorney, Wynn E. Clark, the rate of $350 per hour is well within acceptable rates for litigation in this jurisdiction. See Exhibits "B" and "C."

As a result of the extensive scope of this litigation and in an effort to save costs, Associate, Lauren R. Hillery, and Paralegal, Ta C. McLaurin, were utilized to perform various tasks. Ms. Hillery has five years' litigation experience and performed a high quality of work throughout the course of this litigation including, document review, interviewing witnesses, legal research, and preparation of motion papers and briefs. As demonstrated by the supporting affidavit and declaration, the rate of $200 is reasonable for this community and is commensurate with Ms. Hillery's experience and skill level. Finally, Paralegal McLaurin has fifteen years' experience. Likewise, the hourly rate of $95 for paralegal work is reasonable for this jurisdiction.

The use of an associate and paralegal inures to the Plaintiff's benefit as both have significantly lower billing rates than lead counsel. The volume and scope of documents exchanged in discovery coupled with the magnitude of claims asserted in this case further demonstrates the reasonableness of the rates charged by the attorneys and paralegal in this case. The following chart summarizes the claimed lodestar amounts of each responsible attorney and paralegal:

| Attorney/Paralegal | Hours | Rate | Lodestar Total |
|---|---|---|---|
| Donald C. Dornan, Jr. | 274.85 | $350 | $46,310.60 |
| Lauren R. Hillery | 419.90 | $200 | $44,097.60 |
| Ta McLaurin | 52.60 | $95 | $2,818.65 |

Because of the adjustments to the time entries, the total is not simply the hours expended multiplied by the reasonable rate. Instead, the total is much lower to make up for the proportionate amount of time spent defending non-frivolous claims as ordered by the Court.

The requested attorneys' fees can be further broken down as follows:

| | |
|---|---|
| Attorneys' Fees Incurred Defending Frivolous Claims | $58,551.85 |
| Attorneys' Fees Directly Related to Conduct Identified by Court under 28 U.S.C. § 1927 | $11,310.00 |
| Fees Incurred Bringing Motion for Attorneys' Fees | $23,365.00 |
| **TOTAL:** | **$93,226.85** |

The USM Defendants have not included the billing statements submitted to the third party administrator for the Institutions of Higher Learning (IHL) as an exhibit. However, the invoices are readily available if the Court should desire to review them *in camera.* First, these invoices contain a large number of entries, some of which are privileged, that are not claimed as recoverable attorneys' fees. Second, the rates allowable by the IHL, as a governmental agency, are well below the market rate. This is a common phenomenon in defense cases where the hourly rate is lowered under the expectation that the invoices will be paid on a periodic basis along with the expectation of repeat business. *Hensley,* 461 U.S. at 448. As demonstrated by the Dornan affidavit and the Clark declaration, the rates actually charged by defense counsel are well

11

below the hourly rates customarily charged in this jurisdiction and accordingly, do not qualify as lodestar.

Further, there is no requirement that the lodestar rate be identical to that charged to the client. Instead, the rate is "to be calculated according to the prevailing market rates in the relevant community." *McClain v,* 649 F.3d at 381. For these reasons, the USM Defendants submit that the appropriate hourly rates for lodestar purposes should be $350 for Dornan, $200 for Hillery and $95 for McLaurin.

### APPLICATION OF *JOHNSON* AND *McKEE* FACTORS

The *Johnson* and *McKee* factors are similar and can be addressed together. Where the issues can be discussed in a comprehensive fashion, factors have been combined. Of the twelve *Johnson* factors, the Fifth Circuit directs the Court to give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. *Migis,* 135 F.3d at 1047.

**A.     The Time and Labor Required, the Novelty and Difficulty of the Questions Involved, and the Skill Requisite to Perform the Legal Service Properly**

An inordinate amount of time and labor was expended in order to defend against Plaintiff's shotgun burst of claims, including the frivolous claims. This case raised complex issues of constitutional, federal and state law. The factual scenario allegedly underlying Plaintiff's claims spanned over ten years. During the discovery phase, counsel was responsible for reviewing over 15,000 pages of documents possessed by numerous departments within USM. Due to Plaintiff's vexatious pleading and refusal to participate in meaningful discovery, the Defendants were required to file motions to compel and even to move for compliance with a Court order after Plaintiff failed to comply with an order compelling production of certain documents. [Doc. 60] There are currently 230 document entries in this

case. Wading through the claims was made more difficult by Plaintiff's failure to produce documents, noticing depositions for arbitrary dates and generally refusing to cooperate with counsel opposite.

Following discovery, the Defendants filed comprehensive motions for summary judgment. As previously held by the Court, this task was made exponentially more difficult by Plaintiff's shotgun approach to his pleadings. Of the twenty claims asserted in the Complaint, only four remained viable for trial. Following the presentation of Plaintiff's case-in-chief, the remaining claims were dismissed under Rule 50. Accordingly, the proceedings were concluded favorably to the Defendants. This reflects the high level of skill and preparation required of all Defendants' counsel.

> **B.      Whether Attorney Had to Refuse Other Work to Litigate the Case and the Time Limitations Imposed by the Client or Circumstances of the Case**

The acceptance of the defense of the USM Defendants did not preclude Dornan Law Office from other employment. However, given the extensive amount of time required to properly defend against Plaintiff's claims, the attorneys were precluded from giving equal time and attention to other cases. For example, leading up to the discovery deadline, the two attorneys recorded 114.90 hours billed in this case alone for June, 2013. Similarly, in the lead up to the dispositive motion deadline, the itemized time records show over 68 hours expended in the month preceding the October 15, 2013 due date. The inordinate amount of time spent on this case necessarily precluded time spent on other pending matters. Accordingly, this factor supports the requested fee.

      **C.**    **The Fee Customarily Charged In the Locality for Similar Legal Services Supports the Requested Fee in this Case, the Attorney's Customary Fee and Awards Made in Similar Cases**

As detailed *supra,* the requested fees are reasonable in this community.  As demonstrated by the Dornan's affidavit and Clark's declaration, the requested rates are well within the comparable range of hourly rates charged by similarly experienced and skilled attorneys in this jurisdiction.  Further, a review of recent opinions rendered by this Court demonstrates the reasonableness of the requested fees. *Penthouse Owners Assoc. v. Certain Underwriters at Lloyd's,* Civil Action No. 1:07-cv-00568HSO-RHW, 2011 U.S. Dist. LEXIS 147331  (S.D. Miss. Dec. 21, 2011) (approving rates of $375 and $300 for experienced counsel, $200 for associates with five years' experience, and $75 - $90 per hour for paralegal work); *PIC Group, Inc., v. Landcoast Insulation, Inc.,* 1:09-cv-662-KS-MTP, 2011 U.S. Dist. LEXIS 88894, 2011 WL 3476538 (S.D. Miss. Aug. 9, 2011) (approving $400 per hour as a reasonable rate for this community).  See also,  *Ladner v. Hancock Med. Servs.,* Civ. Action No. 1:05cv333KS-MTP, 2008 U.S. Dist. LEXIS 9978; 2008 WL 160705 (S.D. Miss. 2008) (approving rates of $250 to $275 per hour for experienced attorneys as reasonable and customary).  Further, in 2007, Plaintiff's counsel previously agreed that a rate of $225 to $275 was reasonable and customary for this jurisdiction.  *Stover v. Hattiesburg Public Sch. Dist.,* Civil Action No. 2:05cv388-KS-MTP, Doc. 100 (S.D. Miss. Mar. 13, 2007).  The hourly rates requested are within the range of reasonable rates.

Accordingly, based on the affidavit, declaration and previous rulings of this Court, the requested rates of $350, $200 and $95 are well within the range of fees customarily charged in this jurisdiction.

### D.     The Amount Involved and the Results Obtained

The Fifth Circuit and Mississippi Supreme Court agree that the most critical factor in determining the reasonableness of an award of attorneys' fees is 'the degree of success obtained. *Cruse v. Nunley,* 699 So.2d 941, 944 (Miss. 1997); *Migis,* 135 F.3d at 1047.  This all important factor weighs heavily in support of the USM Defendants' fee request.

This is not a case where, at the end of a trial, the jury ultimately decided a close case in favor of the Defendants.  Instead, the Defendants successfully defeated each of Plaintiff's claims without the necessity of jury verdict.  It cannot be disputed that the claims were successfully defended.

Further, this was a serious case that could have been extremely detrimental to USM and the individual Defendants.  At the settlement conference, Plaintiff demanded $550,000 in damages and alleged that he was entitled to numerous remedies including back pay, front pay, reinstatement, punitive damages and emotional distress damages.  Plaintiff even alleged that the Defendants caused the loss of his home.  When compared with the amount of damages Plaintiff sought, the attorneys' fees request is clearly reasonable.

### E.     The Experience, Reputation and Ability of the Attorneys

The Court is in the best position to assess this factor, given its experience with USM Defendants' counsel before and during the trial.  The resumes of counsel Dornan and Hillery are presented through the Dornan affidavit. Exhibit "B."  As these resumes show, the lawyers have extensive experience and ability in litigating and trying complex cases in federal court.  Further, the Clark declaration verifies that Mr. Dornan and his law firm have an excellent reputation for skill and ability in the legal field.  This factor likewise falls in favor of the requested fee award.

### F. The Nature and Length of the Professional Relationship with the Client and Whether the Case Was Undesirable

This is the second case the lawyers have handled in which USM or its faculty members were the clients. Typically, defending USM and its employees is not undesirable. However, this case added the uncomfortable element of being forced to litigate against a fellow member of the local Bar. This necessarily required counsel to investigate a colleague's background, cross-examine him and call his credibility into question. This added an element of undesirability to the case that would not be present in other circumstances.

### G. Whether the Fee Is Fixed or Contingent

The fee charged by the attorneys and paid by the IHL was a fixed, below market, hourly rate. This factor is neutral.

### H. Relative Financial Ability of the Parties

The financial status of Plaintiff and Plaintiff's counsel is unknown to Defendants. However, the policy behind awarding a prevailing Defendant attorneys' fees is "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 420 (1978). As noted in the Court's opinion, Plaintiff's counsel has persisted in his shotgun pleading approach despite warnings from the Court in previous cases. [Doc. 227 at 8] Accordingly, it appears that the aim of deterrence is particularly important in this case.

A full analysis of the *Johnson* and *McKee* factors demonstrates that the lodestar amount requested by Defendants is necessary and reasonable. Defendants do not request any deviation from the lodestar and submit that the figures presented are reasonable, necessary, well documented and tailored to the Court's partial grant of attorneys' fees.

## **SPECIFIC REQUESTS UNDER 28 U.S.C. § 1927**

The Court also held that the Defendants are entitled to fees incurred as a result of Plaintiff's counsel's shotgun pleading and argumentation under 28 U.S.C. § 1927. Without a doubt, Plaintiff's counsel's actions made discovery and dispositive motion practice more contentious and therefore difficult and burdensome. It is difficult to identify time entries that were described as directly required by Plaintiff's counsel's actions. However, the USM Defendants have identified two distinct categories of time entries that were directly caused by Plaintiff's counsel's vexatious multiplication of the proceedings.

As noted, the Court was forced to conduct a hearing following the summary judgment ruling "to determine which claims were left for trial, the specific Defendants against whom each claim was advanced, and the specific factual allegations underlying each claim." [Doc. 227 at 10] Accordingly, the USM Defendants have included the time spent attending the February 25, 2014 hearing made necessary by the Plaintiff's shotgun pleading strategy.

Similarly, the USM Defendants have included the burdensome amount of time spent by counsel preparing the pre-trial order. Just as he did in briefing at the summary judgment stage, Plaintiff's counsel insisted on including issues in the pre-trial order that were not properly before the Court or no longer part of the trial. This is consistent with the Court's handwritten notes questioning Plaintiff's purported claims to be decided at trial, including constructive discharge and claims for which Defendants had been granted qualified immunity. [Doc. 174 at 2, 4, 12] Further, in drafting the pretrial order, Plaintiff's counsel refused to agree that even the most basic facts had been established. For example, Plaintiff refused to agree that the position of Associate Professor at USM is a full time job and even that Plaintiff was employed as an Associate Professor in the Department of Criminal Justice at the Gulf Coast Campus of USM. [Doc. 174 at

12] Further, the Plaintiff greatly prolonged the pretrial order drafting process by submitting multiple separate sets of exhibits and simply copying large chunks of Defendant's witness lists. The breakdown of fees to be paid by Plaintiff and Plaintiff's counsel is as follows:

| Attorneys' Fees Related to Conduct Identified by Court under §1927 | $11,310.00 |
|---|---|
| 50% of Fees Incurred Bringing Motion for Attorneys' Fees | $11,682.50 |
| **TOTAL FEES ASSESSED TO PLAINTIFF'S COUNSEL:** | **$22,992.50** |

| Attorneys' Fees Incurred Defending Frivolous Claims | $58,551.85 |
|---|---|
| 50% of Fees Incurred Bringing Motion for Attorneys' Fees | $11,682.50 |
| **TOTAL FEES ASSESSED TO PLAINTIFF:** | **$70,234.35** |

As demonstrated by the itemized time records, the actions of Plaintiff's counsel caused Defendants to incur an inordinate amount of time and expense to just draft a pre-trial order. For these reasons, the USM Defendants request that the Court award attorneys' fees for these specific categories of time entries under § 1927 or any others the Court may deem recoverable.

## CONCLUSION

For these reasons, the USM Defendants submit that they have submitted sufficient proof through itemized billing statements and supporting affidavit and declaration that the attorneys' fees requested are reasonable and were incurred as a result of Plaintiff's frivolous claims. Accordingly, the USM Defendants request that the Court award $93,226.85 in attorneys' fees and post-judgment interest.

This the 14th day of April, 2015.

        Respectfully submitted,

        UNIVERSITY OF SOUTHERN MISSISSIPPI,
        DR. MARTHA SAUNDERS, Officially and
        Individually, and DR. ROBERT LYMAN,
        Officially and Individually

BY:   */s/ Donald C. Dornan, Jr.*_____
        DONALD C. DORNAN, JR.
        LAUREN R. HILLERY


DONALD C. DORNAN, JR. (MS Bar No. 6161)
LAUREN R. HILLERY (MS Bar No. 103253)
Dornan Law Office, PLLC
Post Office Box 117
Gulfport, Mississippi 39502
Telephone:    (228) 575-9882
Facsimile:    (228) 374-2250
ddornan@dornan-law.com
lhillery@dornan-law.com
Attorneys for University of Southern Mississippi, Dr. Martha Saunders and Dr. Robert Lyman


## CERTIFICATE OF SERVICE

      I, Donald C. Dornan, Jr., do hereby certify that I have this date served by electronic filing and, if necessary, by United States mail, postage prepaid, a copy of the foregoing pleading to all counsel as follows:

| | |
|---|---|
| Kim Chaze, Esquire | Herman Hollensed, Esquire |
| Kchaze@comcast.net | hhollensed@bnlawfirm.com |

This the 14th day of April, 2015.

        */s/ Donald C. Dornan, Jr.*____
        DONALD C. DORNAN, JR