IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. THOMAS PAYNE                                                                         PLAINTIFF

V.                                             CAUSE NO.: 1:12 CV 0041-KS-MTP

THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, ET AL                                                                      DEFENDANTS

### REPLY TO DEFENDANTS'; USM, SAUNDERS AND LYMON, RESPONSE TO MOTION FOR RECONSIDERATION

COMES NOW, Plaintiff, by and through his attorney, and files his Reply to Defendants' Response to Motion for Reconsideration. In support hereof the following is stated:

**I.   *Ad Hominem* approaches by defendants are an inadequate substitute for an analysis of the applicable law and facts:**

Much of Defendants' Response consists of strange comments such as "rising to the bait" and similar *ad hominem* rhetoric. That is a poor substitute for focusing upon the legal authorities and facts they have failed to provide the Court.

The Plaintiff and his counsel have avoided that kind of performance. We will continue to do so. We will focus upon the law and the facts. Discussing the law and facts cannot legitimately be avoided since that is what the fee issue is predicated upon. The law and the facts must be addressed - - as they presently exist and have existed. The Defendants have overlooked much of the law and many of the facts throughout these proceedings to include the present.

One would expect the Defendants to have discussed this motion and supporting memorandum and offer their perspective as to whether they agree or disagree with Plaintiff's presentation to the Court. If they disagree, they, of course, should state why and substantiate that position with contradicting facts or legal precedent.

They have not done that. The overlooked legal authorities provided by Plaintiff are not controvertible. The same applies to the overlooked facts. That is the reason these Defendants have not controverted them.

The Plaintiff and his counsel in this motion and otherwise have endeavored to provide the Court what has been overlooked or misapprehended so that a manifest injustice will not occur. Please see the companion Reply regarding this point. The Court is asked to read this Reply in the context of also reading the companion Reply to the response of the remaining Defendants. The two replies refer to one another.

We will, as pithily as possible, reply to any actual response of Defendants. If the Defendants have not disagreed with Plaintiff's positions, we will note that for the consideration of the Court.

## II. THE DEFENDANTS HAVE NOT DISAGREED AS TO WHAT THE BOUNDARIES/PARAMETERS ARE AS SHOWN BY PLAINTIFF:

At Roman Numeral I of Plaintiff's Memorandum, he delineates what remains regarding to be discussed and ruled pertaining to the shifting of fees. [pp. 1-4 of Plaintiff's Memorandum].[1] *The Defendants have not disagreed as to what remains to be discussed or reconsidered.* This is important since the Court eliminated, in favor of Plaintiff, many aspects of the case regarding the shifting of fees.

Now, we know what the Defendants agree as what remains for discussion.

## III. INDEED, THE DEFENDANTS HAVE NOT DISPUTED NUMEROUS OTHER STATEMENTS OF FACT AND LAW PROVIDED BY PLAINTIFF:

Additionally, the Defendants have not disputed numerous points of law or fact presented by Plaintiff. They concede much. Some examples of these concessions follow:

A. The PreTrial Conference record of February 25, 2014 is not disputed or "explained away" by Defendants. [pp9-12,Roman Numeral III]. That portion of the Memorandum is important because it shows, in uncontradicted, verbatim statements by the Court and to the Court on the Record, what the purpose of the PreTrial Conference was, that it accomplished its purpose, and that what went to trial was what was *agreed by the Court and the parties.*

Nothing frivolous, vexatious, or even inappropriate has been or could be referred by Defendants from that point forward.

---

[1] Page references that follow will be to Plaintiff's memorandum.

B.     It was not disagreed that the position of Defendants has been that the issue of shifting of fees should not even begin until the end of discovery which was on or about October 1, 2014. [p12, Roman Numeral IV.]

C.     The accuracy of the references to what Plaintiff actually stated in his Memoranda regarding his position pertaining to Defendants motion for summary judgment is not disagreed. [pp 13-14, Roman Numeral IV]. In other words, as one example, the Plaintiff made clear that the Title VII contentions only applied to USM as an entity and not to the individual Defendants. [p14]. Only USM was the employer for purposes of Title VII. The individual Defendants were never addressed or considered to be employers of Dr. Payne.

D.     It is not disagreed that it has always been the position of Plaintiff that this case focuses upon a "series" of acts or an "amalgam" of acts by Defendants - - not simply chopped off links of the chain of events. The entire environment and conduct of Defendants is of great importance. [p15].

E.     It is not disagreed that the issue of Retaliation has always been the core argument of Plaintiff. [p.15].

F.     It is not disagreed that, as the Court agreed, the manner and circumstances of Plaintiff's forced retirement was allowed by the Court. There is no civil action for constructive discharge and none was presented in the Complaint. [p15].

G.     The Defendants do not disagree with the applicability of the cases regarding §1927. [pp. 21-26]. Yet, the Defendants fail to explain them or offer any justification as to why they were not referred by them. As just one accentuated example, the Defendants concede the Fifth Circuit rule of law that 28 U.S.C. §1927 sanctions can not be imposed unless "**every facet of the litigation was patently meritless**, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." *Procter & Gamble Co. v. Amway Corp.,* 280 F.3d 519, 526 (5th Cir. 2002).

Please see the companion Reply in this regard. This standard, undisputedly, has not been complied.

**IV. THE DEFENDANTS MISREPORT THE POSITION OF THE PLAINTIFF REGARDING JURISDICTION OF THE COURT AS IT PERTAINS TO THE COMPLAINT:**

The Plaintiff stated in his Memorandum, [p.5] "Simply stated, the Fifth Circuit does not allow sanctions *regarding a complaint filed in state court*. The Court may **consider conduct post complaint** but not the complaint itself." *Edwards v. General Motors Corp.,* 153 F. 3d  242,245 (5th Cir. 1998).

All sanctions were strictly limited to conduct *post complaint. Id.*  "Alternatively, the court awarded $24,220 under 28 U.S.C. § 1927, representing GM's fees incurred **only after** December 7, the date on which Crampton now admits that she gave up on the suit.** *Id.* at 245. **The Complaint was filed long before the December 7 date."** *Id.* at p. 244

No case cited by Defendants contradicts this position. Indeed, they cite no case at all.

Although *Edwards supra* is more than sufficient, the sister Circuits and District Courts also accentuate that a state court complaint is not subject to §1927.sanctions.

Section 1927 applies only to filings after the lawsuit has begun. *See Macort v. Prem*, *Inc.,* 208 Fed.Appx. 781, 786 (11th Cir. 2006). Nor can counsel be sanctioned for conduct committed in the state court proceedings, including the filing of the initial complaint and any subsequent events in that forum. *See GRiD Systems Corp. v. John Fluke Mfg. Co.,* 41 F.3d 1318, 1319 (9th Cir.1994) (stating that § 1927 "cannot reach conduct of a party who is not involved in an action before the sanctioning court at the time of the conduct."

In *Bowden v. Tompkins Rubber Co.,* Civ. A. No. 91-6934, 1992 WL 108973 (E.D.Pa. May 13, 1992) the Court held that Rule 11 and § **1927** "apply only to cases in federal court, *and not to proceedings occurring in state court before removal to federal court".*

Obviously, the proceedings cannot be "multiplied" by filing a complaint. That is the very beginning of the proceedings. The initial complaint can never be the subject of §1927 sanctions.  See e.g., *De Dios v. Int'l Realty & Investments,* 641 F.3d 1071, 1076 (9th Cir.2011) (recognizing that "sanctions under **28 U.S.C. §1927** do not apply to **complaints** or initial pleadings").

The Plaintiff and his counsel accentuate that the Complaint was never objected or asked or moved by Defendants to be clarified or improved.  Plaintiff, his counsel, and Defendants, either explicitly or implicitly, did not view the Complaint as sanctionable.  However, irrespective of that point, the Court does not have jurisdiction regarding it.  It goes without repeating that Plaintiff and his counsel respectfully submit that the Complaint is appropriate and not sanctionable irrespective of all of the foregoing points.

This overall point is important because the Court focused upon the Complaint itself in its ruling.  In light of the foregoing, it is respectfully submitted the Court reconsider its ruling and find that the Complaint, or any action occurring in State Court, is not grounds for sanctions.

## V.     THE PRETRIAL ORDER IS THE LAW OF THE CASE:

Again, the Defendants choose to engage in bombast regarding the importance of the PreTrial Order.  As stated in the PreTrial Order at ¶3, "The pleadings are amended to conform to this PreTrial Order."  This was agreed by all parties.  [Doc 174].  It was approved by the Court .and filed.   It became the law of the case.

The "law of the case" consists, in large part, the PreTrial Order. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816,(1988)*.*

PreTrial Orders, of course, are required by our *Federal Rules of Civil Procedure*. Moreover, the Local Rules accentuate its importance.  "This order controls the course of the action unless the court modifies it." Rule 16 (d) [Pretrial Conferences; Scheduling; Management.]; Local Rule 16 (j) (1), (2).  These rules are the law.  They are required to be adhered.

The Defendants posture in their Response as if the PreTrial Order order is not significant, but it is, as seen *supra*, of immense importance because it controls, via agreement, and the Court's signature, exactly what will occur at trial.  It is the law of the case. It controlled all events henceforth.  Not only does the Order reflect the agreement of counsel, but, among other aspects, it reflects no less than 44 ***Joint*** Exhibits. Paradoxcally, the PreTrial Order also reflects Plaintiff's attempts to make the Order

more brief and succinct, but the Defendants refused to cooperate. [Doc 174]. [See, for example, last paragraph of paragraph 8 of PreTrial Order].

## VI. SIMILAR TO THE "SAFE HARBOR" CASES THE DEFENDANTS CANNOT FEIGN IGNORANCE AND, THEN, HOPE TO CAPITALIZE:

The Defendants have attempted to avoid the requirements of Rule 11.  First, they know and agree they are not entitled to that relief. Thus, they did not even deign to use it.  Second, they know they did not comply with the "safe harbor" requirement where they must provide notice of any claims they have regarding these sanctions.  *FRCP* Rule 11(c)(1)(A).

The safe harbor provisions were intended to "protect litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court ...". *5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure* §1337.2, at 722 (3d ed. 2004). **Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions ...." *Id*. at 723.**

The Fifth Circuit, of course, concurs.  *Elliott v. Tilton,* 64 F.3d 213 (5th Cir. 1995).

Consequently, both the applicable law and the applicable equities are components that should be reconsidered herein.  Is it right, at the very end of the proceedings, without any notice from Defendants, to belatedly ask for sanctions of any kind?  This basic Due Process tenet should apply as to all sanction issues.  Otherwise, Rule 11 is effectively undermined as if it had never been written.

Please see the companion Reply regarding this issue where it is discussed more extensively.

## **CONCLUSION**

Consequently, it is respectfully contended that this Motion for Reconsideration should be well taken since there are clear errors of law and/or fact and that the reconsideration of the legal and factual concerns would prevent manifest injustice.

RESPECTFULLY SUBMITTED on this the 7th day of May, A.D., 2015.

s/KIM T. CHAZE
KIM T. CHAZE
Attorney for Plaintiff
MSB# 5974
7 Surrey Lane
Durham, NH 03824
603-969-4529
*kchaze@comcast.net*

**CERTIFICATE OF SERVICE**

    I, Kim T. Chaze do hereby certify that I have, this day, caused to be filed with the Clerk of the Court Plaintiff's REPLY TO DEFENDANTS'; USM, SAUNDERS AND LYMAN, RESPONSE TO MOTION FOR RECONSIDERATION using the ECF system which transmitted notice of filing to all registered attorneys.

    THIS 7th day of May, A.D., 2015.

                                                  s/KIM T. CHAZE
                                                KIM T. CHAZE