IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS PAYNE                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 1:12-CV-41-KS-MTP

THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Plaintiff's

Motion for Reconsideration [228] of the Court's Order [227] on Defendants' Motions

for Fees [198, 200].

## I. BACKGROUND

The Court provided the factual background of this case in a Memorandum

Opinion and Order [147] entered on February 21, 2014. *See Payne v. Univ. of S. Miss.*,

No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052 (S.D. Miss. Feb. 21, 2014). On

May 12-16, 2014, the Court presided over the jury trial in this matter. On May 16,

2014, after the close of Plaintiff's case-in-chief, Defendants moved for judgment as a

matter of law under Rule 50. The Court granted the motion in a bench ruling and

entered a Final Judgment [195] in Defendants' favor. Defendants then filed Motions

for Attorney Fees [198, 200], which the Court granted in part and denied in part [227].

*See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2015 U.S. Dist. LEXIS 42118

(S.D. Miss. Mar. 31, 2015). Plaintiff filed a Motion for Reconsideration [228] of that

order, which the Court now considers.

## II. STANDARD OF REVIEW

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [228] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [227] of March 31, 2015, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v.*

2

*Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. DISCUSSION

**A.   *Jurisdiction***

First, Plaintiff argues that the Court does not have jurisdiction to award any sanctions arising from the Complaint [1-2] because it was originally filed in state court, citing *Edwards v. GMC*, 153 F.3d 242 (5th Cir. 1998). In *Edwards*, the Fifth Circuit held that Rule 11 does not apply "to filings in any court other than a federal district court," and that it "does not impart a continuing duty, but requires only that each filing comply with its terms as of the time the paper is signed." *Id.* at 245 (citing *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988)). Therefore, the plaintiff's attorney could not be sanctioned under Rule 11 for failing "to withdraw pleadings filed in state court that would have violated rule 11 had they been filed in federal court." *Id.*[1]

---

[1] Rule 11 specifically provides, however, that an attorney can violate it by "later advocating" for a position first asserted in a previously filed document. FED. R. CIV. P. 11(b). The advisory committee noted:

> [A] litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit. For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as "presenting to the court" that contention and would be subject to the obligations of subdivision (b) measured as of that time. Similarly, if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as "presenting" – and hence certifying to the district court under Rule 11 – those allegations.

However, the Fifth Circuit affirmed sanctions under 28 U.S.C. § 1927 for the plaintiff's attorney's "continued maintenance of the action after . . . she admittedly determined that her case was unwinnable, and on which she decided not to pursue the claim any further." *Id.* at 246.

*Edwards* is inapplicable here. The Court did not impose sanctions under Rule 11. Rather, it imposed sanctions under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988(b), Miss. Code Ann. § 11-55-5, and 28 U.S.C. § 1927. *See Payne*, 2015 U.S. Dist. LEXIS 42118 at *17. These statutes do not tie the Court's power to impose sanctions to the filing of a specific document, as the Fifth Circuit interpreted Rule 11. *Edwards*, 153 F.3d at 245. Rather, they empower the Court to award fees to the "prevailing party,"[2] where a party or attorney "unnecessarily expanded the proceedings by . . . improper conduct,"[3] or where an attorney or party "multiplies the proceedings . . . unreasonably and vexatiously . . . ."[4] Therefore, the Fifth Circuit's reasoning in *Edwards* is inapplicable to the fee provisions at issue here.

The Court further notes that its fee award does not solely arise from the filing of Plaintiff's Complaint. Rather, it arises from Plaintiff's and his counsel's continued pursuit of frivolous claims; repeated misrepresentations of fact; advocacy of claims

---

Fed. R. Civ. P. 11 advisory committee's note.

[2]42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b).

[3]Miss. Code Ann. § 11-55-5(1).

[4]28 U.S.C. § 1927.

4

never asserted in the Complaint; incoherent, shotgun argumentation in response to Defendants' dispositive motions; and failure to clarify the precise nature of Plaintiff's claims in a timely manner.

## B.    *Title VII*

Pursuant to 42 U.S.C. § 2000e-5(k), the Court awarded the individual Defendants fees under Title VII for the defense of Plaintiff's Title VII claims. *Payne*, 2015 U.S. Dist. LEXIS 42118 at *2, *15. "Title VII does not impose liability on individuals unless they are 'employers.'" *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). As it was undisputed that the individual Defendants were not Plaintiff's employer, the Court determined that his Title VII claims against them were frivolous. *See Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (where plaintiff sued individual who was not his employer, Title VII claim was frivolous).

Plaintiff now argues that he agreed that the Title VII claim only applied to the University. This assertion is false. He alleged in the Complaint that *all* Defendants had violated Title VII,[5] and he continued to pursue the Title VII claims against the individual Defendants until the Court dismissed them. In his responses to Defendants' motions for summary judgment, he did not simply concede that the individual Defendants were not his employers. Rather, he argued that Title VII "provide[s] relief regarding individuals,"[6] and he repeatedly referred to Defendants collectively

---

[5]ECF No. 1-2 at 3-5, 11.

[6]ECF No. 118 at 3; ECF No. 120 at 3.

5

throughout his discussion of Title VII.[7] In short, rather than just concede that the individual Defendants could not be liable under Title VII because they were not his employers, Plaintiff forced the Court to address the issue. Accordingly, Plaintiff has provided no legitimate reason for the Court to reconsider the award of fees under Title VII.

## C.   *Section 1988*

Pursuant to 42 U.S.C. § 1988(b), the Court awarded Defendants fees for the defense of Plaintiff's Section 1983 claims arising from the rescinded notice of non-renewal and his equal protection claim. *Payne*, 2015 U.S. Dist. LEXIS 42118 at **3-*5, *16. The Court held that Plaintiff repeatedly misrepresented to the Court that he was terminated, even though he did not experience a break in employment until his voluntary resignation. *Id.* at *4. The Court also held that Plaintiff failed to provide any evidence whatsoever that Defendants' actions were because of his religion, and that his equal protection claim was based on nothing but conjecture and speculation. *Id.* at *4-*5.

Plaintiff first argues he never claimed to have been terminated; he contends that he claimed to have been *targeted for* termination. The Court already addressed this issue in its Memorandum Opinion and Order [169] of April 8, 2014. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 48258, at *5 (S.D. Miss. Apr. 8, 2014). As the Court noted, Plaintiff's attempt to recast his "wrongful

---

[7]ECF No. 118 at 22-24.

termination" claim as one for "wrongful targeting for termination" is disingenuous.

The Complaint unambiguously refers to Plaintiff's termination from the department.[8] On the first page of Plaintiff's responses to Defendants' motions for summary judgment, he asserted that "he was terminated."[9] Later in briefing, he argued that "[h]e was initially terminated in August 2010 . . . ."[10] He referred to "[h]is first termination . . . "[11] and "his termination from the department . . . ,"[12] and he argued that he had been "[t]erminat[ed] . . . on two occasions."[13] Likewise, in Plaintiff's sworn affidavit, he repeatedly claimed that he had been terminated.[14]

Plaintiff's dishonesty on this point is revealed by his own deposition testimony [117-2]. When directly asked whether he was terminated, he answered: "No, I was not."[15] When confronted with this undisputed fact in Defendants' motions for summary judgment, Plaintiff and his counsel elected to double-down on the lie, rather than

---

[8]ECF No. 1-2 at 5.

[9]ECF No. 118 at 1; ECF No. 120 at 1.

[10]ECF No. 118 at 5.

[11]*Id.*

[12]*Id.* at 6.

[13]*Id.*

[14]ECF No. 117-26 at 6, 17, 23; *see also* 18 U.S.C. § 1623(a) (making it a crime to knowingly provide false information in a federal court proceeding, whether through testimony under oath or in any writing or declaration under penalty of perjury).

[15]ECF No. 117-2 at 128.

concede that he had not, in fact, been terminated. After the Court dismissed the claim, Plaintiff and his counsel continued to prevaricate, attempting to recast the claim as "wrongful targeting for termination," rather than "wrongful termination."[16] Even now – over a year after the Court settled the issue – Plaintiff and his counsel continue to skirt the truth and argue that Plaintiff never claimed to have been terminated,[17] in spite of the record to the contrary.

Plaintiff also argues that he never asserted that Defendants treated him differently because of his religion. He argues that, instead, he claimed that Defendants treated him differently because he filed grievances about their actions. This assertion is also false. In his Complaint, Plaintiff asserted that "the retaliatory and discrimination complaints by Plaintiff evolved out of his religious beliefs and his desire not to have those beliefs and his religion used against him,"[18] and that his "Equal Protection Constitutional Rights have been abridged."[19] Plaintiff clarified these claims in his briefing on Defendants' dispositive motions, plainly arguing that Defendants violated his right to equal protection under the law by violating his right to the free exercise of religion[20] – despite his failure to actually assert a free exercise claim in the Complaint. *See Payne*, 2014 U.S. Dist. LEXIS 22052 at *6-*7.

---

[16]ECF No. 150 at 7; ECF No. 164 at 6.

[17]ECF No. 223 at 11, 14, 32, 42; ECF No. 229 at 16, 20.

[18]ECF No. 1-2 at 3.

[19]*Id.* at 10.

[20]ECF No. 118 at 18-22; ECF No. 120 at 8-14.

For these reasons, the Court finds that Plaintiff has not provided any legitimate grounds to reconsider the award of fees under 42 U.S.C. § 1988(b).

### D.   *Mississippi Litigation Accountability Act ("MLAA")*

Pursuant to MISS. CODE ANN. § 11-55-5(1), the Court awarded the individual Defendants fees for their defense of Plaintiff's breach of contract claim and negligenc-based claims. *Payne*, 2015 U.S. Dist. LEXIS at *8, *16. The Court found that Plaintiff's breach of contract claim against the individual Defendants was frivolous because it was undisputed that they were not parties to his employment contract, *id.* at *8, and that his negligence-based claims against them were frivolous because they enjoy sovereign immunity from liability for such claims. *Id.* (citing MISS. CODE ANN. § 11-46-7(2)).

Plaintiff now argues that the MLAA only applies to litigation in Mississippi's courts, and that a federal court can not award fees under it. This argument has no merit. A district court may award sanctions under state law in cases originally filed in state court but removed to federal court. *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000). In fact, the Fifth Circuit has affirmed an award of fees under the MLAA by a district court, *Wolfe v. LABMD, Inc.*, 483 F. App'x 893, 895 (5th Cir. 2012), and the district courts of this state have awarded such fees on several occasions. *See, e.g. Nelson v. Nationwide Mut. Ins. Co.*, No. 3:11-CV-223-DPJ-FKB, 2012 U.S. Dist. LEXIS 13809, at *22 (S.D. Miss. Feb. 6, 2012); *Brown v. Dupont*, No. 3:09-CV-333-TSL-JCS, 2010 U.S. Dist. LEXIS 8504, at *6-*7 (S.D. Miss. Feb. 2, 2010); *Vazzana v. City of Greenville*, No. 4:03-CV-289-P-D, 2007 U.S. Dist. LEXIS 9225, at *13 (N.D. Miss. Feb.

8, 2007).

Next, Plaintiff argues that his breach of contract claim was only brought against USM. Once again, this assertion is false. In his Complaint, Plaintiff stated that the "individual Defendants, acting under color of state law, . . . arbitrarily denied [him] the benefits and entitlements of . . . his written contract . . . ."[21] Additionally, he stated that he "satisfied the requirements of the contract imposed upon him, but the Defendants did not," and that "Defendants chose to pursue a course of action that intentionally sabotaged [his] . . . contract with [them]."[22] In his responses to Defendants' motions for summary judgment, Plaintiff argued that the individual Defendants did not enjoy qualified immunity from his breach of contract claim.[23] While he conceded that his negligence-based tort claims were only tenable as to USM,[24] he failed to make the same concession as to the breach of contract claim.

Plaintiff also argues that he only asserted negligence-based tort claims against USM, and that he conceded any such claims against the individual Defendants in response to their motions for summary judgment. The Court agrees with half of this argument. Plaintiff did, in fact, assert negligence claims against the individual Defendants in his Complaint. He specifically stated that all "Defendants . . .

---

[21]ECF No. 1-2 at 8

[22]*Id.* at 11.

[23]ECF No. 118 at 13-15, 33; ECF No. 120 at 26.

[24]ECF No. 118 at 33-34; ECF No. 120 at 26.

proximately damaged" him by committing negligent infliction of emotional distress and negligence.[25] However, in response to Defendants' motions for summary judgment, he conceded that the negligence-based torts were only tenable against USM.[26]

The question, therefore, is whether the Court should impose fees under the MLAA for defense of an obviously frivolous claim that was asserted in the complaint, but eventually withdrawn in briefing on summary judgment. The statute provides that the Court "shall award . . . reasonable attorney's fees . . . if [it] . . . finds that an attorney or party brought an action, or asserted any claim . . . , that is without substantial justification . . . ." MISS. CODE ANN. § 11-55-5(1). A claim is "without substantial justification" if "it is frivolous, groundless in fact or in law, or vexatious, as determined by the court." MISS. CODE ANN. § 11-55-3(a). "[A] claim is frivolous only when, objectively speaking, the pleader or movant has no hope of success." *McBride v. Meridian Pub. Improvement Corp.*, 730 So. 2d 548, 554 (Miss. 1998).

Plaintiff had no hope of success on his negligence-based claims against the individual Defendants because they enjoy sovereign immunity from liability from such claims. MISS. CODE ANN. § 11-46-7(2); *Kermode v. Univ. of Miss. Med. Ctr.*, No. 3:09-CV-584-DPJ-FKB, 2010 U.S. Dist. LEXIS 82475, at *16 (S.D. Miss. July 2, 2010). Indeed, Plaintiff's concession of the claims on summary judgment is a tacit admission that he had no hope of success. Accordingly, the claims were frivolous and, therefore,

---

[25]ECF No. 1-2 at 12.

[26]ECF No. 118 at 34; ECF No. 120 at 26.

without substantial justification as defined by the MLAA. *McBride*, 730 So. 2d at 554; MISS. CODE ANN. § 11-55-3(a).

However, when determining whether to assess fees under the MLAA, the Court must consider, among other things, "[t]he extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time remaining within which the claim or defense could be filed;" and "the extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid." MISS. CODE ANN. § 11-55-7(a)-(b). The Court does not know what effort Plaintiff's counsel made to determine the validity of Plaintiff's negligence-based tort claims against the individual Defendants. The Court notes, though, that Plaintiff cited the Mississippi Tort Claims Act in his Complaint,[27] which provides that state employees enjoy immunity for negligent actions committed in the course and scope of their duties. *See* MISS. CODE ANN. § 11-46-7(2); *Kermode*, 2010 U.S. Dist. LEXIS 82475 at *16.

The Court concludes that Plaintiff and his counsel should have known that the negligence claims against the individual Defendants were frivolous before asserting them, and the individual Defendants are entitled to their reasonable attorney's fees incurred in defending against those claims. Defendants are not entitled to any fees incurred defending against the negligence claims after Plaintiff conceded them in his responses to their motions for summary judgment.

---

[27]ECF No. 1-2 at 12.

**E.    *28 U.S.C. § 1927***

The Court awarded Defendants fees under 28 U.S.C. § 1927, concluding that Plaintiff's counsel had unreasonably and vexatiously multiplied the proceedings in a number of ways. *Payne*, 2015 U.S. Dist. LEXIS 42118 at *9-*15. The Court noted Plaintiff's counsel's shotgun approach to pleadings and argument. *Id.* at *10-*13. Plaintiff's counsel failed to clearly delineate Plaintiff's individual causes of action and theories of recovery, leaving the Court and Defendants to guess what his client was pleading. *Id.* at *12. He asserted all Plaintiff's claims against all Defendants without regard for their individual actions, *id.* at *13, and he tried to assert new claims in response to Defendants' motions for summary judgment. *Id.* at *14. The Court's continued analysis here highlights additional reasons why Section 1927 sanctions are appropriate, such as Plaintiff's counsel's repeated lack of candor with the Court.

    *1.    Pretrial Order*

Plaintiff's counsel first argues that the Court can not award fees for any behavior which occurred after the entry of the Court's Memorandum Opinion [147] of February 21, 2014, because it and the Pretrial Order [174] defined the parameters of what could proceed to trial. Plaintiff's counsel cited no authority for this argument.

Of course, the entry of a pretrial order "supersede[s] all prior pleadings and control[s] the subsequent course of the action." *Rockwell v. Int'l Corp. v. United States*, 549 U.S. 457, 474, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007) (punctuation omitted), and the Court's disposition of motions for summary judgment narrows the issues for trial, in many cases. However, Plaintiff's counsel fails to explain how entry of a summary

judgment opinion or pretrial order would mitigate or excuse the type of unreasonable and vexatious behavior contemplated under 28 U.S.C. § 1927; one has nothing to do with the other. Regardless, even if entry of the summary judgment opinion or pretrial order wiped Plaintiff's counsel's slate clean from that point forward, he would still have to contend with the preceding two years of litigation. In summary, this argument is nonsensical, and Plaintiff failed to provide any legal authority to support it.

2.    *Waiver*

Next, Plaintiff's counsel argues that Defendants waived any right to sanctions under 28 U.S.C. § 1927 because they did not file a motion complaining of Plaintiff's counsel's conduct earlier in the litigation. Plaintiff's counsel cited no authority in support of this argument. *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), cited in his briefing, does not address sanctions under 28 U.S.C. § 1927. Regardless, Defendants did file motions for attorney's fees [198, 200], which the Court addressed [227]. Moreover, 28 U.S.C. § 1927 contains no provision limiting its application in the manner Plaintiff's counsel suggests. In fact, the Court may award sanctions under 28 U.S.C. § 1927 *sua sponte. See Brown v. Nationwide Mut. Ins. Co.*, 805 F.2d 1242, 1244 (5th Cir. 1986). The waiver argument is without merit.

3.    *The Pleadings*

Plaintiff's counsel also offered various arguments related to the pleadings and briefs he filed on behalf of Plaintiff. First, Plaintiff's counsel claims that he did not engage in "shotgun pleading." A cursory examination of the Complaint [1-2] and Plaintiff's briefing on the dispositive motions demonstrates that he is mistaken. As the

Court previously noted, a "shotgun approach to pleadings" is one in which counsel "heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986).

Plaintiff's counsel listed twenty-two different actions or events in the Complaint that he broadly alleged constituted "acts of retaliation, 42 U.S.C. § 1983 violations, contractual violations, and tortious wrongs,"[28] but he did not specify which Defendants committed which actions. He listed a variety of constitutional rights – including procedural due process, substantive due process, equal protection, and First Amendment – but he failed to specify which actions violated which constitutional rights.[29] He asserted Title VII hostile work environment and retaliation claims;[30] and state-law claims of breach of contract, misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence.[31] Finally, in response to Defendants' motions for summary judgment, Plaintiff's counsel attempted to assert a § 1983 claim for violation of the First Amendment's free exercise clause, a Title VII discrimination claim, and a claim of constructive discharge, although such claims had not been raised in the Complaint. *Payne*, 2014 U.S. Dist. LEXIS 22052

---

[28]ECF No. 1-2 at 5-8.

[29]*Id.* at 1.

[30]*Id.* at 2.

[31]ECF No. 1-2 at 12.

at *6-*7.

Plaintiff's pleadings are a stereotypical example of a "shotgun approach to pleadings" in which counsel "heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *McMullen*, 801 F.2d at 788. This type of advocacy has been Plaintiff's counsel's *modus operandi* for some time: allege everything, concede nothing, and keep the facts and theories of liability as vague as possible for as long as possible.[32] Here, the Court was forced to hold a hearing to determine what claims were left for trial, who they were asserted against, and what alleged actions they concerned, because Plaintiff's briefing and pleading were so scattered and imprecise.[33]

---

[32]*See, e.g. Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 344-52 (5th Cir. 2006) (affirming district court's grant of summary judgment as to variety of § 1983 claims); *Stark v. Univ. of S. Miss.*, 8 F. Supp. 3d 825, 832-42 (S.D. Miss. 2014) (granting in part and denying in part motion to dismiss a wide variety of 1983 claims); *Nichols v. Univ. of S. Miss.*, 669 F. Supp. 2d 684, 693-701 (S.D. Miss. 2009) (granting summary judgment as to wide variety of § 1983 claims and state-law claims); *Payne*, 2014 U.S. Dist. LEXIS 22052 at *5 n. 3 (noting that plaintiff asserted all claims against all defendants without regard for their individual actions); *Gerald v. Univ. of S. Miss.*, No. 2:12-CV-147-KS-MTP, 2014 U.S. Dist. LEXIS 5019, at *12-*89 (S.D. Miss. Jan. 15, 2014) (granting in part and denying in part motion for summary judgment on claims under ADA, Rehabilitation Act, Title VII, § 1983, and state law); *Klingler v. Univ. of S. Miss.*, No. 2:12-CV-150, 2013 U.S. Dist. LEXIS 171515, at *22-*60 (S.D. Miss. Dec. 5, 2013) (granting motion for summary judgment as to several different § 1983 claims and state-law claims), *aff'd* 2015 U.S. App. LEXIS 7726 (5th Cir. May 11, 2015); *Salcido v. Univ. of S. Miss.*, No. 2:11-CV-173-KS-MTP, 2012 U.S. Dist. LEXIS 25136, at *15 (S.D. Miss. Feb. 28, 2012), *aff'd* 557 F. App'x 289 (5th Cir. 2014).

[33]The Court's Order [142] of February 13, 2014, ordered Plaintiff's counsel to "be prepared to list each specific, discrete action by Defendants complained of in this matter, to identify which claim(s) arise from each action, and to identify the specific Defendants against whom each claim is asserted."

Plaintiff's counsel also argues that it was always his intention to allege a single cause of action arising from continuing course of events, rather than multiple causes of action arising from multiple discrete actions or events. He contends that retaliation was obviously the "cornerstone" of Plaintiff's claims. Retaliation may have been the strongest of Plaintiff's claims, and Plaintiff's counsel may have always intended to pursue a single claim of retaliation arising from a continuing course of events. But if that is the case, it only highlights the unreasonable and vexatious nature of his pleading and argument throughout this litigation. In other words, if Plaintiff's counsel always intended to only pursue the retaliation claim, as he now argues, there is no good faith explanation for the various other claims asserted in the Complaint.

Finally, Plaintiff's counsel argues that he never asserted a separate constructive discharge claim. This assertion is false. In his responses to Defendants' motions for summary judgment, he claimed that he was constructively discharged.[34] Likewise, in Plaintiff's deposition, he claimed that he was "forced out,"[35] and Plaintiff's counsel clearly stated, "We're contending constructive discharge."[36]

### 4.    § 1927 Factors

Plaintiffs' counsel argues that his actions in this case do not meet the specific requirements of 28 U.S.C. § 1927. He argues that he has not unreasonably and

---

[34]ECF No. 118 at 2, 4-5; ECF No. 120 at 2, 4.

[35]ECF No. 117-2 at 188.

[36]*Id.* at 189.

17

vexatiously protracted or multiplied the proceedings. The Court disagrees.

The Court has already discussed Plaintiff's counsel's shotgun pleading. Likewise, it has already discussed the numerous false representations to the Court that his client was "terminated," the attempt to assert new claims in response to Defendants' motions for summary judgment, and the need for a hearing to determine what Plaintiff had actually pleaded. The record shows several other examples of unreasonable and vexatious behavior.

On May 1, 2013, in response to Defendants' motion [60] to enforce compliance with a previous order [51] compelling Plaintiff to produce certain discovery responses, Plaintiff's counsel represented to the Court that he had reached an "implicit agreement" with opposing counsel to extend a discovery deadline.[37] Defendants denied [63] that any such "agreement" had been reached. The Court ultimately granted [75] Defendants' motion to enforce the previous order, noting Plaintiffs' counsel's attempt to blame his own failure to meet discovery responsibilities on opposing counsel. Although the Court could not definitively conclude that Plaintiff's counsel had exhibited bad faith or willful misconduct, it "easily characterized" his conduct as "dilatory and evasive." Plaintiff had yet to provide meaningful responses to discovery requests served almost a year prior, and many of his objections to the discovery requests were "devoid of reasonable basis." For example, Plaintiff refused to answer some interrogatories on the ground that he might later be deposed. Rather than ask

---

[37]ECF No. 62 at 2-3.

for an extension of time – or comply with the Court's order – Plaintiff's counsel elected to stonewall Defendants, ultimately forcing the Court to address a petty discovery dispute and award monetary sanctions to Defendants [88].

On two occasions, Plaintiff's counsel filed frivolous motions concerning page limits and briefing order [111, 126]. Both were denied [116, 128].

On November 13, 2013, Plaintiff sought an extension of time [112] to respond to Defendants' motions for summary judgment and represented that the motion was unopposed. Accordingly, the Court promptly granted the extension via a text order. Defendants responded [114, 115] and provided evidence [115-1] that they had not, in fact, agreed to an extension of time. The Court subsequently amended its prior order via text order on November 15, 2013, only granting Plaintiff's motion in part.

On December 2, 2013, Plaintiff's counsel filed a petty and frivolous response [125] to Defendants' motion for additional time. Plaintiff's counsel did not oppose Defendants' motion. Nevertheless, he filed a response solely to bicker with Defendants' counsel.[38]

Finally, as noted in the Court's Memorandum Opinion and Order [170] of April 10, 2014, Plaintiff's counsel failed to designate Plaintiff's treating physician, Dr. Julie Teater, as an expert. *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 49739, at *4 (S.D. Miss. Apr. 10, 2014). He also failed to produce the

---

[38]Throughout this case, Plaintiffs' counsel filed nine motions for extensions of deadlines [37, 54, 62, 109, 112, 203, 204, 215, 235], compared to Defendants' counsel's four [2, 123, 210, 231].

medical records from Plaintiff's treatment. *Id.* Notably, this was not the first time Plaintiff's counsel had run afoul of Rule 26. *Id.* at *9 n. 1 (citing *Gerald v. Univ. of S. Miss.*, No. 2:12-CV-147-KS-MTP, 2013 U.S. Dist. LEXIS 146728, at *20-*21 (S.D. Miss. Oct. 10, 2013) (barring plaintiff's treating physician from offering expert testimony because of failure to comply with Rule 26)). Accordingly, the Court excluded Dr. Teater as an expert witness. *Id.* at *9.

All of these events – particularly when considered as a whole – are more than sufficient to support the Court's conclusion that Plaintiff's counsel "multiplie[d] the proceedings . . . unreasonably and vexatiously . . . ." 28 U.S.C. § 1927.

5.      *"Every Facet"*

Plaintiff's counsel argues that sanctions are only available under 28 U.S.C. § 1927 when a defendant shows "with convincing clarity that *every* facet of [the] litigation was patently meritless." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (emphasis original); *see also Bryant v. Military Dep't*, 597 F.3d 678, 694 (5th Cir. 2010). However, Plaintiff's counsel misrepresented the rule. "Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense." *Browning*, 931 F.2d at 344-45; *see also Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 892 (5th Cir. 2014); *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002); *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999). Here, Defendants do not seek – and the Court has no intention of awarding – the entire cost of defense. Therefore, Defendants do not have to demonstrate that "*every facet* of

20

the litigation was patently meritless." *Proctor & Gamble*, 280 F.3d at 526.

**F.    *Amount of Fees***

Plaintiff's counsel argues that any award of fees should be limited to a specific period of time, and that an award should be limited to Defendants' "excess" costs. These arguments pertain to the amount of a fees award, rather than to the question of whether fees should be awarded. Therefore, Plaintiff may raise them in response to Defendants' specific fee applications, and the Court will address them in a later opinion.

## IV. CONCLUSION

For all of these reasons, the Court **grants in part and denies in part** Plaintiff's Motion for Reconsideration [228] of the Court's Memorandum Opinion and Order [227] granting in part and denying in part Defendants' motions for attorney's fees. The Court grants the motion as to any fees incurred defending against the state-law negligence claims after Plaintiff conceded them in his responses to Defendants' motions for summary judgment, but the Court denies the motion in all other respects.

To the extent Defendants have not already done so, they must file their detailed fee applications on or before **June 12, 2015**. Plaintiff must then file a response to the fee applications on or before **June 29, 2015**. If Defendants wish to file a reply, they may do so on or before **July 9, 2015**.

SO ORDERED AND ADJUDGED this 5th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE