IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. THOMAS PAYNE                                                                                          PLAINTIFF

V.                                                                              CAUSE NO.: 1:12 CV 0041-KS-MTP

THE UNIVERSITY OF SOUTHERN
MISSISSIPPI et al                                                                                       DEFENDANTS

### REPLY TO JOINT RESPONSE OF THE DEFENDANTS

COMES NOW, Plaintiff, by and through his attorney, and files his Reply to Joint Response of the Defendants. In support thereof, the following is offered:

### INTRODUCTION

It is evident the Defendants refuse to respond or even address the actual law and required United States Supreme Court and Fifth Circuit precedent and mandates regarding attorney fees. Instead of applying the legal parameters, or even discussing them, they leave that clean, straight road and deviate into the sagebrush and castigate Plaintiff and his attorney for accentuating the actual, applicable law.

As to the lawyers for USM, the Court has found that virtually all of the hours claimed are denied leaving, regarding the actual case and its actual conduct, 14.1 hours for discussion. **Doc 266, p. 8** But then, as to their merely making the motion for fees, they appear to be allowed 40 hours - - almost four times what the actual case required. **Doc. 266, p.8**

As to the lawyers for the individual defendants, the Court found it is "impossible" to use what the Court was provided in a meaningful manner. However, the Court appeared to hold that it would use similar percentages it used for the USM defendants even though what it was provided did not provide a basis for doing so. The Court held,

1

*"it is impossible* for the Court to determine how much extra time the frivolous claims required." **Doc. 266, p. 12**

It is respectfully submitted the methodology used was essentially speculative, and we respectfully ask that that usage be reconsidered. It is respectfully submitted that the methodology used does not comport with either the law or the facts and that the result is not just or fair. For example, it does not appear the Court applied the case law regarding Sect. 1927 as it applies to the sanctioning of a Plaintiff's attorney in a civil rights case.

Plaintiff and his attorney simply ask that the actual law be applied to what has been presented and compare it to what *should* have been presented by Defendants - - who have a heavy burden of proof herein.

Consequently, this Reply will focus upon the application of the law to the few points that remain for discussion. Also, it will be necessary to address the Defendants' usual personal attacks upon Plaintiff and his counsel:

1. **In spite of an open invitation to comply with *Fox v. Vice,* ___ U.S. ___, 131 S.Ct. 2205 (2011), the Defendants still refuse to comply with it.** The Supreme Court has been clear that, in order for the Defendants to recover a fee, they must establish, "reasonable attorney's fees incurred *because of, but only because of, a frivolous claim*. Or what is the same thing stated **as a but-for test**: Section 1988 *permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim."* Fox v. Vice, ___ U.S. ___, 131 S.Ct. 2205 (2011)

2

Even though the Defendants had this invitation to, finally, comply with the applicable law, they shun it. Instead, they have provided a "shotgun" concoction that the Court has found to be inappropriate.

They should not benefit from their inadequacies. Neither Plaintiff nor his Counsel should have to subsidize these inadequacies. This is particularly true since the Defendants' recovery of fees from Plaintiff and his counsel is "presumptively unavailable." *Christianburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422 (1978)

Since there are very few issues remaining that are even subject to this discussion, *Fox* is particularly pertinent.

Yet, they refuse to apply an actual amount of time, even guessed, *per issue*. Since the remaining issues are so few, this should have been an easy task if there was any, actual fact or evidence to support it. Instead, they wish for the Court to speculate as to how much time was actually spent regarding the few allegedly sanctionable points. The "but for" test of *Fox* must be applied, but it has not been. Instead, a percentage was used by the Court that, in effect, considered all claims on an equal plane and, therefore required equal time.

We have shown that this is not a correct approach since, for example, the "targeted for termination" issue could not have taken but a few minutes.

The Defendants had an open opportunity to refute the foregoing point that was raised in the Motion for Reconsideration. They have not provided any response or denial regarding it.

2. **As to Sect. 1927 and sanctions upon counsel for Plaintiff, the Defendants do not respond or refute the essential point that the applicable law regarding those potential sanctions has not been satisfied**.

   The Court's Order at Doc. 266 makes no distinction as to Sect. 1927 sanctions and sanctions only pertaining to the Plaintiff.  As shown in the Motion for Reconsideration and beforehand, not only must *Fox* be satisfied but also numerous other cases must be satisfied that pertain to Sect. 1927 sanctions.  Once again, the Defendants ignore this essential, required precedent.  They do not refute it.

   Consequently, we know, as a fact, the following has not been complied: **"The district court must make detailed factual findings."**  *Cambridge Toxicology Grp., Inc. v. Exnicios,* 495 F.3d 169, 180 (5th Cir. 2007)  The court must:

   > "(1) identify sanctionable conduct **and *distinguish it* from the *reasons for deciding the case on the merits*,** (2) link the sanctionable conduct to the size of the sanctions, and (3) **differentiate between sanctions awarded under different statutes**.  Specific findings **permit** effective appellate review of the validity and amount of fees."  Id; *Browning v. Kramer,* 931 F.2d 340, 346 (5th Cir.1991)

   The Court could not accomplish the foregoing because the Defendants, to this day, have not provided the requisite proof, facts, or evidence regarding these essential requirements.

   Not only must the "but for" test of *Fox* be satisfied, but the approach the Court used, by taking a percentage and then merely dividing that percentage between counsel and his client, does not make the necessary "differentiation,"

4

does not make the necessary "linkage," and does not "distinguish" between the sanctionable and not sanctionable.

The Court was ill served by the Defendants who used a ham handed approach to this very important matter. This counsel's reputation, established over a forty year period of practicing law, has been harmed. He is entitled to have the existent legal standards applied.

As the Court is aware it is counsel's position that sanctions are not appropriate herein. However, if they are to be awarded, Due Process must be complied. Specificity is mandatory.

A definitive breakdown has to be presented to the Court showing a specific act and what specific sanction is requested. There is no breakdown here. *Cambridge Toxicology Grp., Inc. v. Exnicios,* 495 F.3d 169, 180 (5th Cir. 2007)

The Fifth Circuit has repeatedly accentuated that the **court must link** conduct to fees shifted. *FDIC v. Connor,* 20 F.3d 1376, 1384-85 (5th Cir. 1994) "The district court **must demonstrate the connection** between the amount of monetary sanctions it imposes and the sanctionable conduct by the violating party"; *Topalian,* 3 F.3d at 937; *Browning,* 931 F.2d at 346 **(stating that findings must provide attorney with opportunity to challenge amount of fees shifted.)**

All of the foregoing was accentuated by Plaintiff and his attorney in previous filings to include the Motion to Reconsider. The Defendants have had every opportunity to address and apply their "presumptively unavailable" desires

to shift fees to the facts and law of this case, and they have refused to comply. Their position is frivolous. The Court should not substitute its judgment for the lackadaisical, vague, speculative, and undocumented position of Defendants.

3. **If the Defendants truly believed that the conduct of the Plaintiff or his counsel was frivolous, it would have had a running, contemporaneous record of that specific conduct**, segregated from other conduct, so that this discussion would not even be necessary.

   It is evident, based upon the lack of documentation and other failings, that the Defendants chose to pile on at the last minute and try its best to personally harm Plaintiff and is counsel.

4. **SAGEBRUSH POINTS**

   As to attempts by the Defendants to leave the straight and narrow road as to the law and facts of this case, as stated *supra,* they try to distract the Court and take it into the sagebrush. Even though not necessary, the following brief reply is presented regarding these attempts:

a. The Defendants refer to the statement that all counsel represented all defendants until February 28, 2013. That statement is absolutely true, and the lawyers for the Defendants know it to be true. Please see **Doc. 40**, dated February 27, 2013, where Mr. Hollenshed filed his Motion to Withdraw as attorney for USM, Lyman, and Saunders. It was granted, via text order, on February 28, 2013. Mr. Dornan made his appearance on August 14, 2012. **Doc. 16**

   **Obviously, as previously stated, all of these lawyers represented the**

**same defendants from August 2012 until March 1, 2013**.

Even though it is Defendants' duty, not Plaintiff's, to establish a non-duplication of effort, which they have not even attempted to do, Plaintiff respectfully directs the Court's attention to Mr. Hollenshed's "table" and entries 29 through 50 (the time period between August 2012 and March 1, 2013) that plainly show he is "charging" considerable amounts of money and alleged time *after* Mr. Dornan made his appearance.  **Doc. 253-1**   All the while, until March 1, all lawyers represented all defendants.

Consequently, all the vacuous rhetoric by Defendants is obviously inaccurate.

The law is straight forward - - no matter how much the Defendants wish it was not.  When the plaintiff chooses two attorneys to represent him or her in a lawsuit, a defendant is not required to pay for duplicative work among the attorneys.  *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996)  This is even more true and more compelling when a Defendant's lawyer is seeking a shifting of fees.

b. **As to the potential sanction period not beginning to run until discovery was completed, the Defendants know full well this is true**.  The following points establish its truth:

1. Even in their response to this motion, they do not deny its truth.
2. This statement has never been disagreed upon it having been previously made.  For example, and there are many, Plaintiff previously said, "Since Defendants in their motion for fees seem to believe that, upon discovery

being completed, they are entitled to fees.  Please note that discovery was ongoing and was occurring up to the cusp of trial." **Doc. 223, p. 21**

Later this point was repeated with no disagreement:  "We have pointed this out on numerous occasions without objection or disagreement.  Since this is agreed, the time involved should not begin to run, even according to the Defendants, until on or about October 1, 2013 when discovery was scheduled to be completed." **Doc. 255, p. 23**

The Defendants never disagreed with the foregoing.  They did not disagree because they know the law supports it.  This law will be discussed *infra*.

3. **The Defendants insisted that discovery be conducted** and agreed that the discovery process must be completed.  **Doc. 6**  Thereupon, at the behest and insistence of the lawyers for Defendants, an order was entered confirming that all discovery should be completed before any motions of a dispositive nature are made.  **(Text order follows Doc. 6)**

4. Even upon seeking sanctions, the Defendants conceded that the logical "start date" for seeking sanctions would be "**After discovery and depositions,**" it became obvious that Plaintiff's claims and subjective beliefs could not be substantiated."  **Doc. 201, p. 13**  Also, it was stated "at the very latest" (meaning upon discovery being completed) Plaintiff should have desisted in this action.  **Doc. 199, p. 10**

5. Defendants know full well that discovery was imperative - - for both sides.  That is precisely why they insisted upon discovery.  We have previously

8

shown that the law essentially insists upon discovery when much of the information is in the hands of the Defendants/Employer.  It is black letter law that Plaintiff is entitled to know, pursuant to *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), what the Defendants' mindset is regarding their actions before Plaintiff responds to their contentions - - particularly when immunity issues have been raised.  **Plaintiff is entitled to discovery of facts that are "<u>peculiarly within the knowledge of Defendants</u>."**  Id. at 1432

This time period point is particularly salient since the Court does not appear to have factored it.  Upon perusing the "tables" of the lawyers for Defendants, virtually all of their requested time occurred during the discovery period.

c. Defendants agree that Mr. Powell's provided Vita indicates a considerable lack of experience regarding civil rights and constitutional issues, but wish to shore it up with his involvement in one other case, i.e. *Klingler*.  No affidavit is filed by Mr. Powell as to how this matters.  Since this writer was heavily involved in *Klingler*, he is keenly aware that the actual counsel who handled that case was Mr. Rick Norton.  Mr. Powell never appeared at any deposition.  If he was involved, it was minimal.  Please note that Mr. Norton did not file an affidavit agreeing with Defendants.

Moreover, *Klingler* was finally decided a year *after* this Court rendered its order herein. (May 11, 2015)

None of this matters.  It is obviously presented by Defendants as a

distraction. Mr. Powell's Vita does not reflect any *prior experience* before this case regarding the issues at hand. This is not intended as a criticism. It is a simple fact that should be factored herein - - as should the lack of experience of Mr. Dornan - - particularly when compared to the hourly rates of Mr. Adelman who, as the Court well knows, and who provided an Affidavit, is vastly more experienced than all counsel for Defendants. His hourly rate is considerably less than what Mr. Dornan seeks.

d. **This Court has agreed that "it is impossible for the Court to determine how much extra time the frivolous claims required." Doc 266, p.12** Consequently, in light of that impossibility, it appears all that is left is speculation that is not allowed by our jurisprudence - - especially in light of the cases and precedent provided herein and previously. Moreover, the Defendants have not provided any case contradicting what the Plaintiff and his counsel have provided the Court.

Thus, the Court is respectfully asked to reconsider this matter and eliminate any fees to be awarded. Defendants "took their chances" and have made this situation untenable.

e. **As to the lawyers for the individual Defendants, the Court agrees with Plaintiff and his counsel as to the inadequacies of what was presented.** However, it is respectfully submitted that, without the requisite *Fox* requirements and the requisite Sect. 1927 adherence, the Court, in addressing the individual Defendants, referred to the USM defendants and their approach and extrapolated in some manner that is not countenanced by

the applicable legal authorities to include *Fox, supra*, and the Sect. 1927 authorities referred *supra*. **Doc. 266, p. 13**

It is respectfully submitted that this approach, by definition, is speculative and provides a windfall to lawyers for the individual Defendants.

Moreover, the Court treated Sect. 1927 sections as if they could be based upon a general percentage. As shown *supra*, this is not allowed.

Moreover, the test in *Fox* does not allow any approach but a "but for" approach as defined by the Supreme Court *supra*. As to the lawyers for the individual defendants, the Court has not been provided any records or proof that their time can be calculated using the USM lawyers' time. Consequently, the method used by the Court regarding the individual Defendants should be reconsidered.

f.  **As to the lawyers for the USM Defendants**, the Court used *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326-27 (5th Cir. 1995) as its predominant basis for its methodology. However, as shown *supra*, the Supreme Court test in *Fox, supra*, is the test that should be applied.

As to Sect. 1927 sanctions against Plaintiff's attorney, it does not appear the Court applied any of the applicable case law, referred s*upra*, as to those sanctions. As seen above, those requirements are stringent and specific and must be complied. A generalized approach is not allowed.

It appears the Court took a percentage and then divided that percentage between Plaintiff and his counsel. That method does not meet the stringent, strict proof requirements that the Sect. 1927 cases require as shown *supra*

and previously.

In significant respect, the Court agrees with Plaintiff and disagrees with the lawyers for the USM Defendants. **Doc. 266, p. 4-5** ("The Court disagrees.")

Plaintiff and his counsel, of course, sincerely appreciate the fact that the Court found that hundreds of these Defendants entries were deficient. **Doc 266, p. 4** Consequently, we now know, as a judicially recognized fact, that their "table" is replete with deficiencies, clearly what they presented is inadequate. The Court has agreed.

The foregoing inadequacies and deficiencies cast a giant shadow upon what remains. Please recall that specific objections were provided to all entries. **Doc. 254, Doc. 257** (with attachments) This was painstakingly accomplished.

Moreover, as shown *supra*, the few entries allowed by the Court occurred while the agreed discovery process was still ongoing. Thus, for this additional reason, these entries should not be allowed.

It is evident, as shown in the INTRODUCTION, that only 14.1 hours has been approved regarding the actual case and that 40 hours has been approved for filing its application. The application hours far exceed what has been approved as to substantive matters. This approach is contradicted by what has been judicially admonished. As provided in our original motion, **"Fee applications do not typically involve novel or complex legal issues and the fees claimed for preparing them will be reduced if excessive."**

*Prater*, 2008 U.S. Dist. LEXIS 98795, at *20, 2008 WL 5140045 (finding that fee application hours were excessive. The fee application was considered "routine"); *West v. Aetna Life Ins. Co.*, 188 F.Supp.2d 1096, 1102 (N.D. Iowa 2002) ("routine, largely clerical task")

"In this day and age of computerized records, accounting programs, and computer databases storing briefing records, **much of the preparation of a fee application should usually be delegated to a secretary or paralegal**. <u>*The attorney need only allot such time as is necessary and prudent to review billing records, statements, and affidavits for accuracy.*</u>" *Carlson v. United Academics–AAUP/AFT/APEA/AFT–CIO*, No. A98–0141–CV–JKS, 2002 U.S. Dist. LEXIS 11217, 2002 WL 487179, at *4 (D. Alaska Mar. 12, 2002)

**Moreover, none of the motion for fee preparation entries allowed by this Court pertain to Sect. 1927. (See entries 604-675) The entries only state, "fees incurred for bringing motion for attorney fees." Certainly, what is provided does not comport with the legal requirements regarding Sect. 1927 and its interpretative cases.**

As stated in our objections, the entries are vague. Generic words such as "assess", "continue review", "begin review", "summary", "analysis", and the like are used. (See entries allowed by the Court at **Doc 266, p. 8**)

It is even worse and more generic regarding the application preparation. The "work on" phrase is habitually used. There is no specificity that is required. (i.e. See entries 668-675)

13

Moreover, and this is particularly salient, virtually all of the hours requested have been denied. The lawyers for defendants should not receive compensation for the entries not allowed – which is close to all of them. Their lack of success should not be rewarded. It appears the Court has allowed forty percent of what was requested when at least ninety percent of what they requested has been denied.

g. **As to Ms. Hillery and numerous other points, the Defendants do not express disagreement** in their Response. Ms. Hillery was quite inexperienced when she was involved herein. It does not appear fair or in comportment with the applicable law that she be awarded an hourly rate that is close to Mr. Adelman's who has practiced law for almost a half century and is amongst the most experienced in the State.

As to Mr. Dornan, his rate should not exceed Mr. Adelman's for the reasons previously established.

There are numerous other facts and legal authorities contained in the Motion to Reconsider that the Defendants do not deny or even discuss. We respectfully ask that those points be duly reconsidered.

## CONCLUSION

As can be seen herein and previously, the lawyers for the Defendants, in an effort to be paid multiple times, failed to provide the Court what they are required to provide. They "took their chances" by not maintaining appropriate records and not complying with the law emanating from the actual cases. They have ignored *Fox*. They have ignored the cases requiring strict, stringent compliance with Section 1927 and its

interpretative cases. Indeed, they never, even now in their Response, address the actual holdings and findings of those cases.

Particularly since fees are "presumptively unavailable" to the lawyers for Defendants, the lawyers for Defendants should not benefit from their deficient approach.

They should have complied with the law. They did not. We respectfully ask that the Court apply the legal authorities, reconsider its order, and deny Defendants' request herein.

RESPECTFULLY SUBMITTED on this, the 31st day of March, 2016.

        /s/ Kim T. Chaze
Kim T. Chaze
Attorney for the Plaintiff
MSB# 5974
7 Surrey Lane
Durham, NH 03824
603-969-4529
kchaze@comcast.net

## **CERTIFICATE OF SERVICE**

    I, Kim T. Chaze, do hereby certify that I have, this day, caused to be filed with the Clerk of the Court Plaintiff's Reply to Joint Response of the Defendants using the ECF system which transmitted notice of filing to all registered attorneys.

    This, the 31st day of March, 2016.

                                                 /s/ Kim T. Chaze
                                                 Kim T. Chaze