IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS PAYNE**                                                                           **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 1:12-CV-41-KS-MTP**

**THE UNIVERSITY OF SOUTHERN**
**MISSISSIPPI, et al.**                                                      **DEFENDANTS**

<u>ORDER</u>

Plaintiff filed a Motion for Reconsideration [267] of the Court's Order [266] granting in part and denying in part Defendants' fee applications [232, 252, 253]. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff filed his Motion for Reconsideration [267] within twenty-eight days of the Court's Order [266]. Therefore, the Court applies Rule 59(e).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff has neither cited an intervening change in controlling law nor presented new evidence that was not previously available. Rather, he contends that the Court committed a clear error of law. After considering its previous opinion [266] and the parties' briefs, the Court finds that Plaintiff failed to demonstrate that the Court erred. Regardless, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced . . . ." *Nationalist Movement*, 321 F. App'x at 364. Plaintiff's arguments were either already considered by the Court in its previous order or could have been raised before the order was entered. Plaintiff's Motion for Reconsideration [266] is **denied**.

SO ORDERED AND ADJUDGED this 1st day of April, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE