IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS PAYNE**                                                                      **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 1:12-CV-41-KS-MTP**

**THE UNIVERSITY OF SOUTHERN**
**MISSISSIPPI, et al.**                                                    **DEFENDANTS**

### ORDER

Plaintiff and his counsel seek a stay of execution on the judgment [227, 251, 266, 271] awarding attorney's fees to Defendants. For the reasons provided below, the motion [272] is **denied**.

### A. The General Rule – Rule 62(d)

"Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014). "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." FED. R. CIV. P. 62(d). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). Neither Plaintiff nor his counsel have posted a supersedeas bond or sought approval of such. Therefore, under the general rule, they are not entitled to a stay pending appeal. *See Eurasia Intl. Ltd. v. Holman Shipping Inc.*, 411 F.3d 578, 585 (5th Cir. 2005) (where judgment debtor did not post

supersedeas bond, it was not entitled to a stay pending appeal).

**B.     *Rule 62(a), (b)***

Plaintiff failed to address the bond requirement. Instead, he first requested a stay pursuant to Rule 62(a) and (b). Rule 62(a) provides, in relevant part, that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed afer its entry." FED. R. CIV. P. 62(a). It has been more than fourteen days since the Court entered its Order [271] denying Plaintiff's Motion for Reconsideration [267]. Therefore, Rule 62(a) is inapplicable. Rule 62(b) allows the Court to stay execution of a judgment pending disposition of certain motions. FED. R. CIV. P. 62(b). No such motions are pending, and Rule 62(b) is likewise inapplicable.

**C.     *Rule 62(f)***

Plaintiff also requested a stay pursuant to Rule 62(f), which provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." FED. R. CIV. P. 62(f). "The obvious purpose behind this rule is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum." *Castillo v. Montelpre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993). But this purpose "is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors." *Id.*

"Under the prevailing view of Rule 62(f), a judgment is a lien if a judgment creditor is only required to perform mere 'ministerial acts' to transform the judgment into a lien." *MM Steel*, 771 F.3d at 303. The Fifth Circuit has held that the "ministerial

2

act of recording an abstract of judgment" with a state court "suffices to satisfy Rule 62(f)'s requirement that a judgment is a lien upon property of the judgment debtor." *Id.* at 304.

    1.    *Enforcement of Foreign Judgments in Mississippi*

Under Mississippi law, "any judgment, decree, or order of a court of the United States" is treated as a "foreign judgment . . . which is entitled to full faith and credit in this state." MISS. CODE ANN. § 11-7-301. Enrollment and enforcement of foreign judgments in Mississippi is governed by statute. *See* MISS. CODE ANN. §§ 11-7-301, *et seq*. The Mississippi Supreme Court has described the relevant procedures: "Briefly, the process is: (1) judgment creditor . . . must file an affidavit and copy of the foreign judgment with the circuit clerk; (2) the circuit clerk promptly mails notice to the judgment debtor . . . ; (3) no action may be taken for twenty (20) days after the foreign judgment is filed." *Davis v. Davis*, 558 So. 2d 814, 818 (Miss. 1990). After receiving notice of the petition to enroll the foreign judgment, the judgment debtor may collaterally attack the judgment on any basis permitted under Mississippi law. MISS. CODE ANN. § 11-7-303; *Davis*, 558 So. 2d at 818-19. In summary, the judgment creditor must file an enrollment and enforcement action in circuit court, which may then be litigated in the same manner as any other lawsuit. *See, e.g. Davis*, 558 So. 2d at 817-20; *Price v. Pereira*, 172 So. 3d 1168, 1170-1174 (Miss. Ct. App. 2014). Therefore, the Court concludes that enforcement of a federal court judgment in Mississippi's courts requires more than "mere ministerial acts," *MM Steel*, 771 F.3d at 304, and Rule 62(f) does not apply.

   2.   *Enforcement of Mississippi Judgments*

In contrast, to enforce the judgment of a Mississippi court, one need only enroll the judgment with the clerk of a circuit court, *see* MISS. CODE ANN. § 11-7-189, and "[a] judgment so enrolled shall be a lien upon and bind all the property of the [judgment debtor] within the county where so enrolled . . . in favor of the judgment creditor . . . ." MISS. CODE ANN. § 11-7-191. If the provisions of MISS. CODE ANN. §§ 11-7-189, 11-7-191 applied to the judgments of federal courts, Rule 62(f)'s requirements would be met, and Plaintiff would be entitled to the same stay of execution available in state court. *See Whitehead v. K Mart Corp.*, 202 F. Supp. 2d 525, 531 (S.D. Miss. 1999) (MISS. CODE ANN. § 11-7-191 treats judgments as liens or encumbrances on property). However, as noted above, judgments of federal courts are treated as foreign judgments under Mississippi law, and MISS. CODE ANN. §§ 11-7-189, 11-7-191's less stringent requirements are not applicable.

   3.   *M.R.C.P. 62; M.R.A.P. 8*

Even if Rule 62(f)'s requirements were met, Mississippi's procedures regarding stay of execution would not benefit Plaintiff. Mississippi's Rule 62, like the federal Rule 62(d), requires an appellant to "put up security." *Berryman v. Lannom*, 94 So. 3d 1238, 1246-47 (Miss. Ct. App. 2012). "When an appeal is taken, the appellant, when and as authorized by statute or otherwise, may obtain a stay" subject to certain exceptions. MISS. R. CIV. P. 62(d). Applications for a stay "must ordinarily be made in the first instance to the trial court . . . ." MISS. R. APP. P. 8(b)(1). An appellant is entitled to a stay if he "gives a supersedeas bond, payable to the opposite party, with two or more

4

sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state, in a penalty of 125 percent of the amount of the judgment appealed from . . . ." MISS. R. APP. P. 8(a). If the appellant does not post a supersedeas bond complying with Rule 8(a), the "court shall require the giving of security by the appellant in such form and in such sum as the court deems proper, and for good cause shown may set a supersedeas bond in an amount less than the 125 percent required in cases under Rule 8(a)." MISS. R. APP. P. 8(b)(1).

"The purpose of a supersedeas bond is to preserve the status quo while protecting the judgment creditor's rights pending appeal, and the trial court should attempt to protect the prevailing party." *Lauderdale Cnty. v. Lauderdale Cnty. Bd. of Supervisors*, 172 So. 3d 714, 721 (Miss. 2015). "The amount of a supersedeas bond should be sufficient to protect the appellee in his judgment; therefore, it should insure the payment of the judgment and interest, and any waste that could occur pending the appeal." *In re Estate of Taylor*, 539 So. 2d 1029, 1031 (Miss. 1989), *overruled on other grounds*, 44 So. 3d 953, 958 (Miss. 2010).

Therefore, under Mississippi law, Plaintiff would be required to provide security before the Court stayed execution of the judgment pending appeal, but the Court would be allowed to decrease the amount of the supersedeas bond for good cause shown. The only evidence provided on the question of "good cause" is an affidavit [274-1] executed ten months ago, in which Plaintiff vaguely asserted that he was "on the brink of filing bankruptcy," and that he did "not have the financial ability to pay sanctions unless they are minimal." Plaintiff provided no specific details regarding his financial status.

5

Plaintiff's affidavit provides no good cause to lower the bond amount for the $12,958.40 in attorney's fees payable by his counsel. As for Plaintiff himself, his share of attorney's fees is only $8,167.20. The affidavit was executed approximately ten months ago and may not accurately reflect Plaintiff's current financial situation. Even if Plaintiff still maintains that he is "on the brink of bankruptcy," he wholly failed to address the bond requirement, and the Court has no idea how much security he could afford to provide at this time. Therefore, even if Rule 62(f) applied and Plaintiff were entitled to the stay procedures under Mississippi law, he would still be required to post a supersedeas bond, and he has not shown good cause to decrease its amount.

As neither Plaintiff nor his counsel have complied with FED. R. CIV. P. 62(d), the Court **denies** their Motion to Stay [272] execution of the judgment pending appeal.

SO ORDERED AND ADJUDGED this 29th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE